## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br><br>             Plaintiff,<br><br>v.<br><br>EVEREST REINSURANCE COMPANY; ODYSSEY REINSURANCE COMPANY; CATLIN (XL CATLIN) UNDERWRITING INC., MIAMI ON BEHALF OF LLOYD'S SYNDICATE 2003, LONDON; SWISS REINSURANCE AMERICA CORPORATION ARMONK; ALLIED WORLD RE ON BEHALF OF LLOYD'S SYNDICATE 2232, LONDON; MS AMLIN P/C; ASPEN INSURANCE UK LIMITED TRADING AS ASPEN RE LONDON, ENGLAND; LIBERTY SPECIALTY SERVICES LTD LIB 4472, PARIS OFFICE UNDERWRITING FOR AND ON BEHALF OF LLOYD'S SYNDICATE NO. 4472<br><br>             Defendants. | Civil No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, ODYSSEY REINSURANCE COMPANY ("Odyssey Re") hereby removes to this Court the Commonwealth-court action described below.

1.      On Saturday, February 2, 2019, Odyssey Re received via email a copy of a document titled "Demanda Jurada" ("Verified Complaint"), dated January 31, 2019, filed by Integrand Assurance Company in the Court of First Instance for the Commonwealth of Puerto Rico, San Juan Part, and assigned case number SJ2019CV01015 (the "Superior Court Action").

## **STANDARD FOR REMOVAL**

2.    Odyssey Re files this Notice of Removal pursuant to 28 U.S.C. § 1441, which provides that "any action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed," and pursuant to 28 U.S.C. § 1446(b), which provides that notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

3.    Odyssey Re is filing this Notice of Removal within thirty (30) days of receipt of a copy of the Verified Complaint via email. Accordingly, removal of this action is timely under 28 U.S.C. § 1441 and 1446(c).

4.    The Superior Court Action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 because plaintiff is a citizen of Puerto Rico, none of the defendants are citizens of Puerto Rico, and all defendants are citizens of a state other than Puerto Rico ore citizens or subjects of a foreign state, to wit:

   a. According to the Verified Complaint, paragraph 5, Plaintiff Integrand Assurance Company is a corporation organized under the laws of the Commonwealth of Puerto Rico, and its principal place of business is in San Juan, Puerto Rico. Plaintiff is therefore a citizen of the Commonwealth of Puerto Rico under 28 U.S.C. § 1332 (c).

   b. According to the Verified Complaint, paragraph 6, Co-Defendant Everest Reinsurance Company is a corporation organized under the laws of the state of Delaware, and its principal place of business is in Wilmington, Delaware. Co-Defendant Everest Reinsurance Company is therefore a citizen of the state of

    Delaware under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

c. Odyssey Re is a corporation organized and existing under the laws of the State of Connecticut, with principal place of business in Stamford, Connecticut. Co-Defendant Odyssey Re is therefore a citizen of the state of Connecticut under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

d. According to the Verified Complaint, paragraph 8, Co-Defendant Catlin (Xl Catlin) Underwriting, Inc., is a corporation organized under the laws of the state of New York, and its principal place of business is in New York, New York. Co-Defendant Catlin (Xl Catlin) Underwriting, Inc. is therefore a citizen of the state of New York under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

e. According to the Verified Complaint, paragraph 9, Co-Defendant Swiss Reinsurance America Corporation Armonk is a corporation organized under the laws of the state of Kansas, and its principal place of business is in Overland, Kansas. Co-Defendant Swiss Reinsurance America Corporation Armonk is therefore a citizen of the state of Kansas under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

f. According to the Verified Complaint, paragraph 10, Co-Defendant Allied World Reinsurance Management Company is a corporation organized under the laws of the state of New Hampshire, and its principal place of business is in New York, New York. Co-Defendant Allied World Reinsurance Management Company is

therefore a citizen of the states of New Hampshire and New York under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

g. According to the Verified Complaint, paragraph 11, Co-Defendant MS Amlin p/c is a corporation organized under the laws of the United Kingdom, and its principal place of business is in London, England. Co-Defendant MS Amlin p/c is therefore citizen or subject of a foreign state under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

h. According to the Verified Complaint, paragraph 12, Co-Defendant Aspen Insurance UK Limited Trading as Aspen Re London, England is a corporation organized under the laws of the United Kingdom, and its principal place of business is in London, England. Co-Defendant Aspen Insurance UK Limited Trading as Aspen Re London, England is therefore citizen or subject of a foreign state under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

i. According to the Verified Complaint, paragraph 13, Co-Defendant Liberty Specialty Services Ltd LIB 4472, Paris Office Underwriting For And On Behalf Of Lloyd's Syndicate No. 4472 is a corporation organized under the laws of the United Kingdom, and its principal place of business is in London, England. Co-Defendant Liberty Specialty Services Ltd LIB 4472, Paris Office Underwriting For And On Behalf Of Lloyd's Syndicate No. 4472 is therefore citizen or subject of a foreign state under 28 U.S.C. § 1332 (c) and has diverse citizenship with the plaintiff.

5. The amount claimed in the Verfied Complaint exceeds $75,000.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

6.  Venue is proper in this Court, as this is the Court for the district and division embracing the place in which the Suprior Court Action was pending. 28 U.S.C. § 1441(a).

7.  Pursuant to 28 U.S.C. § 1446, this Notice is accompanied by a civil cover sheet and copies of all pleadings, summons, motions, and orders that Odyssey Re was able to obtain through the electronic docket system of the Puerto Rico Courts (SUMAC) in the Superior Court Action. Pursuant to Local Rule 5(g) all documents not in the English language which are presented or filed as exhibits must be accompanied by a certified translation into English. Odyssey Re is in the process of obtaining a certified translation of the Verified Complaint, summons, Informative Motion and Order that make up the known public docket in the Superior Court Action, and hereby requests leave to file such certified translation separately in the next five days. Such documents are submitted herewith in their original Spanish language version pending their certified translation.

8.  Odyssey's couynsel's review of the electronic Superior Court docket shows no returned summons. Accordingly, as of the filing of the present Notice of Removal Odyssey has no evidence that any of the other codefendants in the Superior Court Action have been served and thus properly joined. Therefore, at this time, the requirement that as of the filing of the Notice of Removal "all defendants who have been properly joined and served must join in or consent to the removal of the action" has not been triggered. 28 U.S.C.A. § 1446 (b)(2)(A). Odyssey Re will monitor returns of service and appearances by Co-Defendants, and timely notify this Court regarding their consent to Removal as such information becomes available.

9.  Upon filing of this Notice, Odyssey Re will give written notice hereof to Plaintiff's counsel and will file an informative motion together with a copy of this Notice with

the Clerk of the Superior Court of the Commonwealth of Puerto Rico using the electronic filing system of said Court (SUMAC), and copies hereof will be mailed to all Co-Defendants to the addresses provided in the Verified Complaint.

**WHEREFORE**, Defendant Odyssey Re hereby removes the above-captioned action to the United States District Court for the District of Puerto Rico, and respectfully requests that this court assume jurisdiction over the action to the exclusion of any further proceedings in the Commonwealth Court until and unless this Court rules otherwise.

Respectfully submitted,

**ADSUAR MUÑIZ GOYCO SEDA
& PÉREZ-OCHOA, P.S.C.**

*By: /s/ Pedro Jiménez*
Pedro Jiménez
USDC-PR No. 121912
pjime@icepr.com
*By: /s/ Katarina Stipec Rubio*
Katarina Stipec Rubio
USDC-PR No. 206611
kstipec@amgprlaw.com

**P. O. Box 70294
San Juan, PR 00936-8294
Tel: (787) 756.9000
Fax: (787) 756.9010**

*Attorneys for Defendant Odyssey Re*