ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br><br>Demandante<br><br>vs.<br><br>EVEREST REINSURANCE COMPANY; ODYSSEY REINSURANCE COMPANY; CATLIN (XL CATLIN) UNDERWRITING INC., MIAMI ON BEHALF OF LLOYD'S SYNDICATE 2003, LONDON; SWISS REINSURANCE AMERICA CORPORATION ARMONK; ALLIED WORLD RE ON BEHALF OF LLOYD'S SYNDICATE 2232, LONDON; MS AMLIN P/C; ASPEN INSURANCE UK LIMITED TRADING AS ASPEN RE LONDON, ENGLAND; LIBERTY SPECIALTY SERVICES LTD LIB 4472, PARIS OFFICE UNDERWRITING FOR AND ON BEHALF OF LLOYD'S SYNDICATE NO. 4472.<br><br>Demandados | CASO CIVIL NÚM.:<br><br>SOBRE:<br><br>INJUNCTION Y DAÑOS POR VIOLACIÓN A LEYES ANTI-MONOPOLÍSTICAS; A CÓDIGOS DE SEGUROS; COMPETENCIA DESLEAL; SENTENCIA DECLARATORIA; INCUMPLIMIENTO DE CONTRATO; CUMPLIMIENTO ESPECÍFICO; COBRO DE DINERO Y DAÑOS |

## DEMANDA JURADA

**AL HONORABLE TRIBUNAL:**

**COMPARECE** Integrand Assurance Company ("Integrand"), por conducto de la representación legal que suscribe y respetuosamente alega y solicita:

### INTRODUCCIÓN

1. El 6 de septiembre de 2017, el potente huracán Irma, categoría 5 en la escala Saffir-Simpson, se abatió sobre gran parte de Puerto Rico con vientos sostenidos de 118 millas por hora y ráfagas de hasta 150 millas por hora causando un daño significativo a la infraestructura, propiedades y negocios en Puerto Rico, muchos de ellos que quedaron sin electricidad y no pudieron operar. Como consecuencia, el presidente de los Estados Unidos declaró a Puerto Rico como zona de emergencia. Escasamente doce (12) días después, cuando aún se continuaban sufriendo los daños causados por Irma, el huracán María arremetió con toda su intensidad sobre Puerto

Rico causando aproximadamente $90 billones en daños adicionales. La combinación de dos eventos tan destructivos, uno detrás del otro, dejó a Puerto Rico devastado y a sus ciudadanos con enormes daños a sus viviendas y comercios. Se estima que se han presentado más de 288,000 reclamaciones a aseguradoras de propiedad y contingencia por ambos eventos que exceden $7,200 millones.

2. Para protegerse en parte de la eventualidad de estos eventos y las reclamaciones que puedan surgir, las compañías aseguradoras que cubren estos siniestros suscriben contratos de reaseguro con compañías multinacionales de reaseguro que se especializan en ese tipo de contingencia. Confiadas en ese compromiso, las aseguradoras locales honran sus contratos con sus asegurados, ajustando los daños incurridos y pagando las reclamaciones instadas y luego reclaman a las reaseguradoras conforme a los términos y condiciones de sus convenios.

3. A pesar de la gravedad de la situación por la que todavía padecen muchos asegurados y los daños innegables sufridos por éstos, muchas de estas reaseguradoras se han negado, de forma colusiva y con intención de causar daño, a honrar sus compromisos contractuales con las aseguradoras locales, en particular en lo que respecta a la distribución de los daños entre los huracanes Irma y María. Esta negativa arbitraria de parte de las reaseguradoras ha estremecido a la industria de seguros en Puerto Rico.

4. De no exigirle a las reaseguradoras que cesen de pactar entre sí para evitar la distribución justa y el pago de las reclamaciones por los huracanes Irma y María, continuará el daño a la industria de seguros en Puerto Rico. Para evitar precisamente esa eventualidad es que Integrand se ve obligada a instar la Demanda de autos.

**LAS PARTES**

5. Integrand es una corporación organizada de conformidad con las leyes del Estado Libre Asociado de Puerto Rico, con oficina principal localizada en la Avenida Franklin D. Roosevelt, Esquina Calle Ensenada, San Juan, Puerto Rico 00920, número de teléfono 787-781-0707.

6. Everest Reinsurance Company ("Everest") es una corporación organizada de conformidad con las leyes del Estado de Delaware, con oficina principal en 1209 Orange Street, Wilmington, DE 19801, número de teléfono 908-604-3000.

7. Odyssey Reinsurance Company ("Odyssey") es una corporación organizada de conformidad con las leyes del Estado de Connecticut, con oficina principal en 300 First Stanford Place, Stanford, CT 06902, número de teléfono 203-977-8000.

8. Catlin (Xl Catlin) Underwriting Inc., Miami On Behalf Of Lloyd's Syndicate 2003, London ("XL") es una corporación organizada de conformidad con las leyes del Estado de New York, con oficina principal en 1540 Broadway Avenue, New York, NY 10036, número de teléfono 203-964-5200, que maneja un sindicato de reaseguradoras.

9. Swiss Reinsurance America Corporation Armonk ("Swiss Re America") es una corporación organizada de conformidad con las leyes del Estado de Kansas, con oficina principal en 5200 Metcalf, PPN111, Overland, KS 66202-1391, número de teléfono 913-676-5200.

10. Allied World Reinsurance Management Company For And On Behalf Of Lloyd's Syndicate 2232, London ("Allied") es una corporación organizada de conformidad a las leyes del Estado de New Hampshire, con oficina principal en 199 Water Street, 25th Floor, New York, NY 10038, número de teléfono 646-794-0700, que maneja un sindicato de reaseguradoras.

11. MS Amlin p/c ("Amlin") es una corporación organizada de conformidad con las leyes del Reino Unido, con oficina principal

en The Leadenhall Building, 122 Leadenhall Street, London, EC3V, United Kingdom, número de teléfono 44-20-7977-8321.

12. Aspen Insurance UK Limited Trading as Aspen Re London, England ("Aspen") es una corporación organizada de conformidad con las leyes del Reino Unido con oficina principal en 30 Fenchurch St., London EC3M 3BD, United Kingdom, número de teléfono 44 20 7184 8000.

13. Liberty Specialty Services Ltd LIB 4472, Paris Office Underwriting For And On Behalf Of Lloyd's Syndicate No. 4472 ("Liberty") es una corporación organizada de conformidad con las leyes del Reino Unido con oficina principal en London-Lloyds, 1 Lime Street, London EC3M 7HA, 44020, número de teléfono 44 (0)20 7327 1000.

**HECHOS**

14. Integrand suscribió con las Demandadas contratos de reaseguro números B110817B11061, B110817IB11062, B11817IB11068, B110817IB11129, entre otros, efectivos el 1ro de mayo de 2017, según enmendados, y mediante sus respectivas adendas detallan la participación de cada una en el riesgo pactado (los "Contratos de Reaseguro").

15. Conforme a las disposiciones de los Contratos de Reaseguro, Integrand les reclamó sus participaciones por concepto de los pagos que Integrand emitió a sus asegurados por daños causados por el huracán Irma.

16. A pesar de estar contractualmente obligadas a honrar inmediatamente dichas solicitudes de pago, las Demandadas han demorado más de 9 meses desde la primera auditoría llevada a cabo en atender las solicitudes de pago de Integrand referentes a las reclamaciones por Irma. De hecho, las Demandadas acordaron entre sí un patrón de conducta de dilación en la tramitación de dichas solicitudes con la clara intención de hacer daño a Integrand.

5

17. Se evidencia dicho pacto colusivo e ilegal en comunicaciones entre las propias Demandadas, requiriéndose el no contestar a los reclamos de Integrand hasta tener respuesta uniforme. Las Demandadas que han auditado las reclamaciones hechas por Integrand han compartido sus auditorías con las otras Demandadas. Es más, han compartido los resultados y hallazgos de dichas auditorías entre sí, pero no con Integrand. A pesar de algunas de ellas haber llevado a cabo estos procesos de auditoría de las reclamaciones en cuestión, de forma uniforme, no han tomado una decisión final en torno a dichas reclamaciones, a pesar de que llevan más de 9 meses pendientes. La dilación y el contubernio son tan evidentes que las Demandadas contratan a los mismos auditores para revisar las mismas reclamaciones. En procesos de arbitraje instados para cobrar lo debido bajo los Contratos de Reaseguros, Everest y Odyssey, ambas han continuado dicho patrón de dilación e incertidumbre, conveniente e idénticamente cuestionando las calificaciones del árbitro escogido por Integrand con el efecto de tornar ineficaz e inoperante tales procesos.

18. Al momento, las cantidades adeudadas por las Demandadas bajo los Contratos de Reaseguro son:

       a. Everest, $6,039,881;

       b. Odyssey, $4,078,304;

       c. XL, $ 8,955,012.16;

       d. Swiss Re America, $22,349,100.09;

       e. Allied, $ 2,154,698.98;

       f. Amlin, $1,790,427;

       g. Aspen, $7,699,301.47;

       h. Liberty, $2,499,943.

19. Todo ello, a pesar de Integrand haber cumplido con todos los requisitos contractuales para que las Demandadas cumplan con sus obligaciones.

20. El resultado del boicot de las Demandadas de no honrar las reclamaciones del huracán Irma ha sido descapitalizar a Integrand, razón por la cual la A.M. Best, compañía acreditadora del sector de seguros, degradó la clasificación de solvencia de Integrand y advirtió, que de continuar este patrón su perspectiva sería negativa.

**PRIMERA CAUSA DE ACCIÓN**
**(Injunction – Ley de Monopolios)**

21. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

22. La Ley Número 77 de 25 de junio de 1964 ("Ley Número 77") dispone que "toda persona tendrá derecho a instar procedimiento de injunction para prevenir pérdidas o daños en sus negocios o propiedades, por razón de actos e intentos de actos realizados o que intenten realizarse" para restringir irrazonablemente los negocios, o el comercio. 10 L.P.R.A., Sec. 269(a). El boicot acordado por las Demandadas de no honrar las reclamaciones de Integrand constituye un acto que irrazonablemente restringe el negocio y el comercio de seguros en Puerto Rico.

23. A la luz de lo anterior, procede que este Honorable Tribunal emita un injunction ordenándole a las Demandadas a cesar de forma inmediata de restringir el comercio en dilatar y no honrar el pago de las reclamaciones hechas por Integrand por concepto del Huracán Irma.

**SEGUNDA CAUSA DE ACCIÓN**
**(Daños – Ley de Monopolios)**

24. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

25. La Ley Número 77 además dispone que cualquier persona perjudicada por los actos para restringir el comercio tiene una

causa de acción en daños y podrá recobrar 3 veces el importe de los daños y perjuicios que haya sufrido. 10 L.P.R.A. Sec. 268.

26. Como resultado de los actos de colusión de las Demandadas, Integrand ha sufrido y continúa sufriendo daños que en la actualidad se calculan en no menos de $50,000,000.

27. Por lo tanto, procede que se dicte sentencia ordenándole a las Demandadas a resarcir en daños a Integrand por 3 veces la cantidad de dichos daños y perjuicios sufridos, más costas y honorarios de abogado.

**TERCERA CAUSA DE ACCIÓN**
**(Daños y perjuicios, Artículo 1802 del Código Civil)**

28. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

29. El Artículo 27.020 del Código de Seguros de Puerto Rico prohíbe todo método de competencia desleal en el negocio de seguros. 26 L.P.R.A. Sec. 2702.

30. Igualmente, el Artículo 27.030 del Código de Seguros prohíbe todo convenio para cometer boicot que conduzca a una restricción irrazonable del negocio de seguros. 26 L.P.R.A. Sec. 2703.

31. Las Demandadas han violado las disposiciones anteriores del Código de Seguro. Su conducta desleal y la restricción irrazonable al comercio, al concertar un boicot del pago de las reclamaciones atribuibles al huracán Irma le han causado daños en exceso de $50,000,000.

32. Por lo tanto, procede que se dicte sentencia ordenándole a las Demandadas a resarcir en daños a Integrand por la cantidad de dichos daños más costas y honorarios de abogado.

**CUARTA CAUSA DE ACCIÓN**
**(Sentencia Declaratoria)**

33. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

34. La Regla 59.1 de las Reglas de Procedimiento Civil vigentes dispone que este Honorable Tribunal tiene autoridad para declarar sobre la ineficacia del convenio arbitral incluido en los Contratos de Reaseguro.

35. El convenio en cuestión dispone:

**ARBITRATION**

1. Disputes arising out of this Agreement or concerning its interpretations or validity, whether arising before or after its termination, shall be referred to Arbitration. This Arbitration shall be a condition precedent to the commencement of any action at law.

2. Each party shall appoint an Arbitrator and the two so named shall, before they enter upon the Arbitration, appoint an Umpire. In the event of one party failing to name an Arbitrator within 30 (thirty) days of the other party requesting it in writing to do so, or in the event of the Arbitrators failing to appoint an Umpire within 30 (thirty) days of their own appointments, the said Arbitrator and/or Umpire shall be appointed by the President of the Chamber of Commerce in the city where the Arbitration takes place.

3. The Arbitrators and Umpire shall be disinterested current or retired executive officers of insurance or reinsurance companies or Underwriting Members at Lloyd's. The Court of Arbitration shall be in San Juan, Puerto Rico, unless some other place is mutually agreed upon by parties in this Agreement.

4. Within 30 (30) days after the appointment of the Umpire, the Arbitrators and Umpire shall meet, and determine a timely period for discovery, discovery procedures and schedules for hearings. Should the two Arbitrators fail to agree, then the matter in dispute shall be referred to the Umpire. The Arbitrators and Umpire shall make their award with a view to effecting the general purposes of this Agreement. They may abstain from judicial formalities and from strictly following the rules of law and shall make their decision according to the practice of the reinsurance business.

5. The Arbitrators or Umpire shall give an award in writing within 60 (sixty) days of the hearing or, if no hearing is held, the submission of all evidence by the parties. The award agreed upon by the two

> Arbitrators or by the majority of the Arbitrators and the Umpire shall be final and binding on both parties. The costs of Arbitration shall be paid as the Court of Arbitration directs. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in a territory in which the party in default is domiciled or has assets or carries on business.
>
> 6. If an Arbitrator or Umpire, subsequent to this appointment, is unwilling or unable to act, a new Arbitrator or Umpire shall be appointed in his stead by the aforementioned procedure.

36. En el caso de las co-demandadas Everest y Odyssey, Integrand comenzó procedimientos de arbitraje y designó al Lcdo. Raymond P. Burgos Santiago como árbitro.

37. No obstante, Everest y Odyssey, ambas con el sólo propósito de dilatar y/o detener el arbitraje, han objetado la designación del licenciado Burgos por alegadamente no cumplir con los requisitos esbozados en el convenio, cuando sí los cumple y así se les ha explicado.

38. En la medida que el convenio arbitral no dispone un mecanismo para resolver la objeción de Everest y Odyssey, y en la medida que dicho convenio es ambiguo, y no se ajusta a las necesidades corrientes de la industria de seguros en estos momentos, el proceso de arbitraje se torna inoperante y por ende ineficaz.

39. Por lo tanto, procede que este Honorable Tribunal declare mediante sentencia que el anterior convenio arbitral es nulo por su ambigüedad y defecto. Véase José Carlos Fernández Rozas, *Derecho de los negocios internacionales*, Madrid, Iustel, 2007; Elena Artude Iribarri, *El convenio arbitral en el arbitraje internacional*, Madrid, Eurolex, 1997. En la alternativa, se solicita que se revisen los Contratos de Reaseguro para anular el convenio arbitral conforme a la doctrina de *rebus sic stantibus*.

10

## QUINTA CAUSA DE ACCIÓN
### (Cumplimiento Específico de Contrato de Reaseguro; Cobro de Dinero)

40. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

41. El Artículo 1077 del Código Civil de Puerto Rico dispone que el perjudicado por una violación contractual puede solicitar el cumplimiento específico del contrato. 31 L.P.R.A. Sec. 3052.

42. Los Contratos de Reaseguro disponen que las Demandadas están obligadas a pagar inmediatamente su porción por concepto de los pagos hechos por Integrand a sus asegurados resultante de los daños causados por el Huracán Irma.

43. Integrand ha provisto a todas las Demandadas con toda la información necesaria para sustentar dichos pagos. No obstante, las Demandadas han violentado los Contratos de Reaseguro al no pagar inmediatamente dichas solicitudes de pago.

44. A la luz de todo lo anterior, y siendo el proceso de arbitraje ineficaz y nulo, procede que este Honorable Tribunal ordene el cumplimiento específico de los Contratos en Reaseguro y ordena a las Demandadas a pagar cantidades reflejadas en el párrafo 17 anterior.

## SEXTA CAUSA DE ACCIÓN
### (Daños por la Violación de Contrato de Reaseguro)

45. Se incorporan y se hacen formar parte de esta alegación todas las alegaciones contenidas en los párrafos 1 al 20 anteriores.

46. El Artículo 1054 del Código Civil de Puerto Rico a su vez dispone que el que viole un contrato le es responsable a la otra parte por los daños y perjuicios causados. 31 L.P.R.A. Sec. 3018.

47. No cabe duda de que al negarse a pagar inmediatamente las solicitudes de pago hechas por Integrand, las Demandadas

11

incumplen con los Contratos de Reaseguro. Por lo tanto, procede que se dicte sentencia ordenándole a las Demandadas a resarcir a Integrand por todos los daños causados por su incumplimiento con los términos y condiciones de los Contratos de Reaseguro que se estiman en exceso de $50,000,000.

**SÚPLICA**

**POR TODO LO CUAL**, Integrand respetuosamente solicita de este Honorable Tribunal que dicte Sentencia como a continuación:

(1) Ordene a las Demandadas a cesar de forma inmediata de restringir el comercio en dilatar y no honrar los Contratos de Reaseguro;

(2) Condene a las Demandadas al pago de más de $150,000,000 en daños a Integrand, más costas y honorarios de abogado;

(3) Condene a las Demandadas al pago de $53,066,724.70en cobro de dinero a Integrand, más costas y honorarios de abogado;

(4) Declare que el convenio arbitral incluido en los Contratos de Reaseguro es ineficaz, inoperante y nulo;

(5) Cualquier otro remedio que proceda en equidad y justicia.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, 31 de enero de 2019.

         **PIETRANTONI MÉNDEZ & ALVAREZ LLP**
         Abogado de Integrand
         Banco Popular Center, Piso 19
         208 Ponce de Leon Avenue
         San Juan, Puerto Rico 00918
         Teléfono: (787) 274-1212
         Facsímil: (787) 274-1470

         ***F/Jorge I. Peirats***
         Jorge I. Peirats
         TSPR 7775
         jpeirats@pmalaw.com

12

## J U R A M E N T O

**COMPARECE**, Víctor J. Salgado, Jr., mayor de edad, casado, Presidente de Integrand Assurance Company, residente de Guaynabo, Puerto Rico y bajo juramento declaro que:

1. Soy de las circunstancias personales que anteceden.

2. He leído la Demanda Jurada anterior y según mi mejor conocimiento todos los hechos expuestos son ciertos y verdaderos.

**Y PARA QUE ASÍ CONSTE**, juro y suscribo la presente en San Juan, Puerto Rico, a 31 de enero de 2019.



Víctor J. Salgado, Jr.

Affidavit Núm. 109

Jurado y suscrito ante mí por el Sr. Víctor J. Salgado, Jr., de las circunstancias personales antes expresadas y a quien doy fe de conocer personalmente, en San Juan, Puerto Rico, hoy 31 de enero de 2019.



Notario Público