# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY, | : |
| Plaintiff, | : |
| vs. | : CASE NO. 19-MC-035 (CCC) |
| INTEGRAND ASSURANCE COMPANY, | : Petition to Compel Arbitration under |
| | : Sections 4 and 5 of the Federal Arbitration |
| Defendant. | : Act, 9 U.S.C. §§ 4-5 |

## MOTION TO INTERVENE

**TO THE HONORABLE CARMEN CONSUELO CEREZO**
**UNITED STATES DISTRICT JUDGE:**

Pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, Everest Reinsurance Company ("Everest Re"), by and through its undersigned counsel, hereby files this Motion to Intervene as a party to this action and respectfully states as follows:

## I. INTRODUCTION

Everest Re should be permitted to intervene in this action because its claims against Defendant Integrand Assurance Company ("Integrand") under Section 4 and 5 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 4-5, share common questions of law and fact with the matters at issue in this action, which arise under the same sections of the FAA.

Everest Re and Plaintiff Odyssey Reinsurance Company ("Odyssey Re") reinsure Integrand under the same catastrophe reinsurance agreements, and Integrand separately demanded arbitration against Everest Re and Odyssey Re to recover losses allegedly arising from Hurricane Irma. Integrand appointed the same person to serve as its arbitrator in the arbitrations against Everest Re and Odyssey Re, and both Everest Re and Odyssey Re have raised challenges

as to whether Integrand's arbitrator meets the qualifications set forth in the arbitration clause of the catastrophe reinsurance agreements. Everest Re, as does Odyssey Re in this action, seeks an order that compels Integrand to proceed with the arbitration, appoints a qualified arbitrator for Integrand, and appoints a neutral umpire.

It cannot be disputed that Everest Re's motion is timely, as required by Rule 24(b)(1) because this action is its early stages.[1] In addition, neither Odyssey Re nor Integrand will be prejudiced by Everest Re's intervention because Everest Re and Odyssey Re seek the same ultimate relief based on common questions of law and fact. To the contrary, Everest Re may be prejudiced if the common questions of law and fact at issue in this action are decided without Everest Re having had the opportunity to present its claims before this Court.

Accordingly, Everest Re respectfully requests that the Court grant its motion to intervene, permit Everest Re to file the accompanying petition in this action, and permit Everest Re to file a brief in support of its petition.

## II. STATEMENT OF FACTS

### A. The Reinsurance Agreements

Everest Re reinsures Integrand under a Commercial Catastrophe Excess of Loss Reinsurance Agreement No. B110817IB11061, effective May 1, 2017 (the "Commercial Cat Treaty"), and a Personal Lines Catastrophe Excess of Loss Reinsurance Agreement No. B110817IB11062, effective May 1, 2017 (the "Personal Lines Cat Treaty") (collectively, the "Treaties"). Odyssey Re also reinsures Integrand under the same Treaties. Pursuant to the Treaties, Everest Re and Odyssey Re (on a several, not joint, basis) agreed to reinsure Integrand for certain losses arising under property and casualty insurance policies issued by Integrand.

---

[1] Odyssey Re has advised Everest Re that it does not object to this motion to intervene. Integrand, on the other hand, has declined to consent to Everest Re's intervention.

The Treaties contain an identical arbitration clause as follows:

## ARBITRATION

1.   Disputes arising out of this Agreement or concerning its interpretations or validity, whether arising before or after its termination, shall be referred to Arbitration.  This Arbitration shall be a condition precedent to the commencement of any action at law.

2.   Each party shall appoint an Arbitrator and the two so named shall, before they enter upon the Arbitration, appoint an Umpire.  In the event of one party failing to name an Arbitrator within 30 (thirty) days of the other party requesting it in writing to do so, or in the event of the Arbitrators failing to appoint an Umpire within 30 (thirty) days of their own appointments, the said Arbitrator and/or Umpire shall be appointed by the President of the Chamber of Commerce in the city where the Arbitration takes place.

3.   The Arbitrators and the Umpire shall be disinterested current or retired executive officers of insurance or reinsurance companies or Underwriting Members at Lloyd's.  The Court of Arbitration shall be in San Juan, Puerto Rico, unless some other place is mutually agreed upon by the parties in this Agreement.

4.   Within 30 (thirty) days after the appointment of the Umpire, the Arbitrators and the Umpire shall meet, and determine a timely period for discovery, discovery procedures and schedules for hearings.  Should the two Arbitrators fail to agree, then the matter in dispute shall be referred to the Umpire.  The Arbitrators and Umpire shall make their award with a view to effecting the general purposes of this Agreement.  They may abstain from judicial formalities and from strictly following the rules of law and shall make their decision according to the practice of the reinsurance business.

5.   The Arbitrators or Umpire shall give an award in writing within 60 (sixty) days of the hearing or, if no hearing is held, the submission of all evidence by the parties.  The award agreed upon by the two Arbitrators or by the majority of the Arbitrators and the Umpire shall be final and binding on both parties.  The costs of Arbitration shall be paid as the Court of Arbitration directs.  If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in a territory in which the party in default is domiciled or has assets or carries on business.

6.   If an Arbitrator or Umpire, subsequent to his appointment, is unwilling or unable to act, a new Arbitrator or Umpire shall be appointed in his stead by the aforementioned procedure.

### B. Integrand's Demand for Arbitration against Everest Re

On September 6, 2017, while Puerto Rico did not experience a direct hit, northern regions of the Island were impacted by Hurricane Irma. Two weeks later, on September 20, 2017, Puerto Rico suffered a direct hit from Hurricane Maria. In the aftermath of these hurricanes, Integrand sought to recover amounts claimed due from Everest Re under the Treaties for losses allegedly arising under insurance policies issued by Integrand to insureds located in Puerto Rico. Everest Re has paid all of Integrand's billings with respect to losses arising out of Hurricane Maria and all of Integrand's billings under the Personal Lines Cat Treaty.

As to Hurricane Irma -- which, unlike Hurricane Maria, did not hit Puerto Rico directly -- Everest Re questioned the magnitude of unsupported losses ceded by Integrand under the Commercial Cat Treaty and sought to inspect Integrand's claim records, as is its right under the Right of Inspection clause of the Treaties, to determine whether the losses reported by Integrand were in fact caused by Hurricane Irma and not by Hurricane Maria. However, Integrand failed to cooperate with Everest Re's request to inspect its claim records and failed to provide proper proofs of loss establishing that those losses arose out of Hurricane Irma, rather than Hurricane Maria. As a result, Everest Re has declined to pay Integrand's outstanding reinsurance billings under the Commercial Cat Treaty on alleged Hurricane Irma losses.

On November 16, 2018, Integrand issued a Demand for Arbitration under the Treaties against Everest Re, seeking to recover Everest Re's purported $6,039,881 share of losses allegedly paid by Integrand on claims arising from Hurricane Irma. Although Integrand demanded arbitration under both the Commercial Cat Treaty and the Personal Lines Cat Treaty, Integrand has failed to identify any unpaid amounts allegedly due under the Personal Lines Cat Treaty arising from either Hurricane Irma or Hurricane Maria. Several weeks later, on

December 14, 2018, Integrand appointed Raymond Burgos as its party arbitrator. That same day, Everest Re appointed Aaron Stern, a disinterested, retired, executive officer of several insurance and reinsurance companies, as its party arbitrator.

Everest Re thereafter requested that Integrand provide a copy of Mr. Burgos's resume. Nothing in Mr. Burgos's resume indicated that he had served as an executive officer of an insurance or reinsurance company, as required by the arbitration clause of the Treaties. In addition, contrary to the contractual requirement that the arbitrators and the umpire must be "disinterested," Mr. Burgos was a longtime employee of Aon, the entity that provided reinsurance broker and intermediary services to Integrand on the Treaties. Aon is likely to appear in the Integrand/Everest Re arbitration through the production of documents and the appearance of one or more of its employees as testifying witnesses. Everest Re and Integrand exchanged correspondence concerning the issues raised by Integrand's appointment of Mr. Burgos as its arbitrator, but they were unable to resolve their disagreement.

**C.     Integrand's Demand for Arbitration against Odyssey Re**

The information contained in the Court filings in this action reflects that the arbitration between Integrand and Odyssey Re has followed a similar fact pattern. Integrand demanded arbitration against Odyssey Re on December 5, 2018, seeking to recover amounts claimed due for losses allegedly arising from Hurricane Irma. Integrand appointed Mr. Burgos as its arbitrator, and Odyssey Re challenged Mr. Burgos's qualifications to serve as Integrand's arbitrator.[2] Odyssey Re appointed Jorge Padilla, a retired executive officer of an insurance company, to serve as its party arbitrator.

---

[2] There was no coordination or communication between Everest Re and Odyssey Re in regard to their separate challenges as to whether Mr. Burgos is qualified to serve as Integrand's party arbitrator in accordance with the requirements of the arbitration clause of the Treaties.

**D.     Odyssey Re's Petition against Integrand in This Action**

On February 1, 2019, Odyssey Re commenced this action by filing a petition under FAA Sections 4 and 5 against Integrand. Odyssey Re seeks an order pursuant to which this Court would compel arbitration, appoint an arbitrator for Integrand in place of Mr. Burgos, and appoint the person who will serve as the umpire.

As discussed in Section E below, one day earlier, on January 31, 2019, Integrand filed an action against Everest Re, Odyssey Re, and other reinsurers in which it seeks to litigate, rather than arbitrate, its claims against its reinsurers (the "Integrand Action"). In the Integrand Action, which is now pending before Judge Domínguez, Integrand seeks a declaration that the arbitration clause of the Treaties is null and void. While Integrand contends that the arbitration clause is null and void, on February 19, 2019, it filed a motion to dismiss Odyssey Re's petition on the basis that Odyssey Re is not entitled under the FAA to raise a pre-award challenge to Mr. Burgos's qualifications to serve as an arbitrator. Integrand also asserts that Mr. Burgos is nonetheless qualified to serve under the terms of the arbitration clause of the Treaties and argues that the method set forth in the arbitration clause for appointing an umpire must be followed.

In other words, Integrand is asking this Court to selectively enforce at least a portion of the very same arbitration clause that it seeks to have Judge Domínguez nullify in the Integrand Action. Integrand's inconsistent positions are further reason why Everest Re should be permitted to intervene in this action and have the opportunity to challenge Integrand's inconsistent positions and to enforce its rights under the same arbitration clause that is already before this Court on Odyssey Re's petition.

Odyssey Re filed its opposition to Integrand's motion to dismiss on March 5, 2019, asserting that this Court is authorized under FAA Section 5 to appoint an arbitrator for Integrand

and to appoint the umpire. Further, in support of its petition, Odyssey Re focused on the inconsistent positions that Integrand is taking in this action and in the Integrand Action.

**E.     Integrand Admits to an "Impasse" in the Arbitrations against Everest Re and Odyssey Re, but Then Seeks to Nullify the Arbitration Clause of the Treaties**

On February 2, 2019, Integrand advised Everest Re and Odyssey Re that it was maintaining "its support of Mr. Burgos' qualifications to meet the requirements of the arbitration covenants, but given the impasse your unsupported objections have raised, Integrand has sought judicial intervention to annul the covenants."

On February 4, 2019, Integrand's counsel provided Everest Re's counsel with a courtesy copy of a complaint it filed on January 31, 2019 in the Integrand Action in the Commonwealth of Puerto Rico, Court of First Instance, Superior Court, San Juan Part. In its complaint, Integrand requested, among other things, a judicial determination that the arbitration clause of the Treaties is null and void. Integrand also asserted claims against the reinsurers under the Puerto Rico Antitrust Law, the Puerto Rico Insurance Code, and Articles 1054 and 1077 of the Puerto Rico Civil Code.

On February 4, 2019, Odyssey Re filed a Notice of Removal of the Integrand Action to this District. Everest Re and the other defendant reinsurers have consented to the removal of the Integrand Action to this District.

On February 11, 2019, Odyssey Re filed a motion to dismiss and to compel arbitration under FAA Section 4 against Integrand in the Integrand Action. Integrand filed its opposition to Odyssey's motion on February 26, 2019; Odyssey Re's reply papers are due on March 11, 2019.

In the interim, on February 17, 2019, Integrand filed an Amended Complaint in the Integrand Action by which Integrand added claims against the reinsurers under the Sherman

Antitrust Act and the Clayton Act. To date, the Amended Complaint has not been served on Everest Re. Everest Re intends to file a motion to dismiss Integrand's complaint in the Integrand Action and to compel Integrand to arbitrate against Everest Re.

## III. ARGUMENT

### A. Intervention Is Appropriate Because Everest Re's Claims against Integrand Share Common Questions of Law and Fact with this Action

Pursuant to Fed. R. Civ. P. 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." On a motion for permissive intervention, "[t]he Court 'can consider almost any factor rationally relevant' and 'enjoys very broad discretion' in granting or denying a motion for permissive intervention." *Lex Claims, LLC v. Garcia-Padilla*, 236 F. Supp. 3d 504, 519 (D.P.R. 2017), *quoting Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). "The court must also take into account whether permissive intervention 'will unduly delay or prejudice the adjudication of the original parties' rights.'" *P.R. Land & Fruit, S.E. v. Municipio de Culebra*, Civil No. 09-2280, 2018 U.S. Dist. LEXIS 221026 at *5 (D.P.R. Oct. 24, 2018), *quoting* Fed. R. Civ. P. 24(b)(3).

Here, Everest Re's claims against Integrand undeniably share common questions of law and fact with the matters at issue in this action. Both Everest Re and Odyssey Re seek to have this Court compel arbitration, find that Mr. Burgos does not meet the contractual requirements to serve as an arbitrator, as set forth in the arbitration clause of the Treaties, and appoint an arbitrator for Integrand who does meet those requirements. Both Everest Re and Odyssey Re also seek to have this Court appoint, or facilitate the appointment of, a fair, impartial person to serve as the umpire in their respective arbitrations.

In addition, Everest Re's motion for permissive intervention is timely. This action is in its earliest stages. Odyssey Re filed its petition only four weeks ago, and, just two weeks ago, Integrand moved to dismiss Odyssey Re's petition. Odyssey Re filed its opposition to Integrand's motion to dismiss on March 5, 2019. Therefore, a ruling on Odyssey Re's petition or Integrand's motion to dismiss is not imminent. *See P.R. Land & Fruit*, 2018 U.S. Dist. LEXIS 221026 at *6, *quoting Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231 (1st Cir. 1992) ("'A motion to intervene is timely filed if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights'").

For similar reasons, Everest Re's intervention will not cause undue delay or prejudice to either Odyssey Re or Integrand. As Judge Besosa stated in *Lex Claims*, "[t]his case is in the initial stages, when 'the balance of prejudices … weigh heavily in favor of the [proposed intervener].'" *Lex Claims*, 236 F. Supp. 3d at 520 n.11, *quoting P.R. Tel. Co. v. Sistema de Retiro de Los Empleados del Gobierno y la Judicatura*, 637 F.3d 10, 16 (1st Cir. 2011), *citing Zurich Capital Mkts., Inc. v. Coglianese*, 236 F.R.D. 379, 384-85 (N.D. Ill. 2006). If any party may be prejudiced, it would be Everest Re if it is not permitted to intervene. The questions of law and fact raised by Odyssey Re's petition and Integrand's motion to dismiss are nearly identical to the questions of law and fact posed by Everest Re's proposed petition and, therefore, Everest Re's interests potentially would be impacted adversely by a ruling in Integrand's favor in this action.

## IV. CONCLUSION

For the reasons stated above, Everest Re requests that this Court enter an order granting its Motion to Intervene in this action.

**WHEREFORE**, Everest Re respectfully requests that this Court permit it to intervene in this action, to file its petition against Integrand, and to file a brief in support of its petition.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 7th day of March, 2019.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

> **COLÓN & COLÓN, P.S.C.**
> P.O. Box 9023355
> San Juan, Puerto Rico 00902-3355
> Tel. (787) 758-6060
> Fax. (787) 753-1656
>
> s/ Francisco J. Colón-Pagán
> Francisco J. Colón-Pagán
> USDC-PR No. 120503
> FJColon@colonlaw.com
>
> Joseph J. Schiavone (*pro hac vice forthcoming*)
> Vincent J. Proto (*pro hac vice forthcoming*)
> SAIBER LLC
> 18 Columbia Turnpike, Suite 200
> Florham Park, New Jersey 07932-2266
> Tel. (973) 622-3333
> Fax. (973) 622-3349