UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY, | |
| Plaintiff, | |
| vs. | CASE NO. 19-MC-035 (CCC) |
| INTEGRAND ASSURANCE COMPANY, | |
| Defendant. | |
| EVEREST REINSURANCE COMPANY, | |
| Plaintiff/Intervenor, | |
| vs. | |
| INTEGRAND ASSURANCE COMPANY, | Petition to Compel Arbitration under Sections 4 and 5 of the Federal Arbitration Act, 9 U.S.C. §§ 4-5 |
| Defendant. | |

**PETITION TO COMPEL ARBITRATION**

**TO THE HONORABLE CARMEN CONSUELO CEREZO**
**UNITED STATES DISTRICT JUDGE:**

COMES NOW Everest Reinsurance Company ("Everest Re"), by its undersigned counsel, and respectfully alleges and prays:

### I.   JURISDICTION AND VENUE

1. This Petition to Compel Arbitration is made pursuant to Sections 4 and 5 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 4, 5.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000 and Everest Re and Defendant Integrand Assurance Company ("Integrand") are citizens of different States.

3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) because Integrand resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## II.     THE PARTIES

4.      Plaintiff Everest Re is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Liberty Corner, New Jersey.  The mailing address of Everest Re's headquarters is 477 Martinsville Road, Liberty Corner, New Jersey 07938-0830.

5.      Upon information and belief, Defendant Integrand is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico.  The mailing address of Integrand's headquarters is 369 Ensenada Urb. Caparra Heights, San Juan, Puerto Rico 00920.

## III.    THE PARTIES' AGREEMENT TO ARBITRATE

6.      Integrand and Everest Re are parties to the Commercial Catastrophe Excess of Loss Reinsurance Agreement No. B110817IB11061, effective May 1, 2017 (the "Commercial Cat Treaty").  A copy of the Commercial Cat Treaty is attached to this Petition and made a part hereof as Exhibit A.

7.      Integrand and Everest are parties to the Personal Lines Catastrophe Excess of Loss Reinsurance Agreement No. B110817IB11062, effective May 1, 2017 (the "Personal Lines Cat Treaty").  A copy of the Personal Lines Cat Treaty is attached to this Petition and made a part hereof as Exhibit B.

8.      The Commercial Cat Treaty and the Personal Lines Cat Treaty are referred to herein collectively as the "Treaties."

9. Both Treaties contain the identical arbitration clause, which binds Integrand and Everest Re to arbitrate disputes arising under the Treaties.

10. The arbitration clause of the Treaties provides as follows:

ARBITRATION

1. Disputes arising out of this Agreement or concerning its interpretations or validity, whether arising before or after its termination, shall be referred to Arbitration. This Arbitration shall be a condition precedent to the commencement of any action at law.

2. Each party shall appoint an Arbitrator and the two so named shall, before they enter upon the Arbitration, appoint an Umpire. In the event of one party failing to name an Arbitrator within 30 (thirty) days of the other party requesting it in writing to do so, or in the event of the Arbitrators failing to appoint an Umpire within 30 (thirty) days of their own appointments, the said Arbitrator and/or Umpire shall be appointed by the President of the Chamber of Commerce in the city where the Arbitration takes place.

3. The Arbitrators and the Umpire shall be disinterested current or retired executive officers of insurance or reinsurance companies or Underwriting Members at Lloyd's. The Court of Arbitration shall be in San Juan, Puerto Rico, unless some other place is mutually agreed upon by the parties in this Agreement.

4. Within 30 (thirty) days after the appointment of the Umpire, the Arbitrators and the Umpire shall meet, and determine a timely period for discovery, discovery procedures and schedules for hearings. Should the two Arbitrators fail to agree, then the matter in dispute shall be referred to the Umpire. The Arbitrators and Umpire shall make their award with a view to effecting the general purposes of this Agreement. They may abstain from judicial formalities and from strictly following the rules of law and shall make their decision according to the practice of the reinsurance business.

5. The Arbitrators or Umpire shall give an award in writing within 60 (sixty) days of the hearing or, if no hearing is held, the submission of all evidence by the parties. The award agreed upon by the two Arbitrators or by the majority of the Arbitrators and the Umpire shall be final and binding on both parties. The costs of Arbitration shall be paid as the Court of Arbitration directs. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in a territory in which the party in default is domiciled or has assets or carries on business.

6. If an Arbitrator or Umpire, subsequent to his appointment, is unwilling or unable to act, a new Arbitrator or Umpire shall be appointed in his stead by the aforementioned procedure.

11. Pursuant to FAA Section 1, 9 U.S.C. § 1, "commerce" is defined to mean "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation."

12. Under FAA Section 2, 9 U.S.C. § 2, "[a] written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

13. The Treaties are "contract[s] evidencing a transaction involving commerce," and, therefore, the arbitration clauses of both Treaties are "valid, irrevocable and enforceable" in accordance with FAA Section 2, 9 U.S.C. § 2.

### IV. THE PARTIES' DISPUTES

14. On September 6, 2017, Hurricane Irma impacted certain northern regions of Puerto Rico, but did not hit the Island directly.

15. On September 20, 2017, Puerto Rico suffered a direct hit from Hurricane Maria.

16. Integrand paid losses arising out of Hurricane Maria on property and casualty insurance policies that are reinsured by the Treaties. Everest Re paid its share of Integrand's billings under the Treaties for such losses.

17. Integrand contends that it has paid losses arising out of Hurricane Irma on property and casualty insurance policies that are reinsured by the Treaties. Everest Re has declined to pay Integrand's reinsurance billings under the Commercial Cat Treaty relating to losses allegedly arising out of Hurricane Irma, asserting, *inter alia*, that Integrand has failed to provide proper proofs of loss establishing that those losses arose out of Hurricane Irma, rather than Hurricane Maria.

18. On November 16, 2018, Integrand served a Demand for Arbitration against Everest Re under the Treaties pursuant to which Integrand seeks to recover amounts claimed due from Everest Re for losses allegedly arising out of Hurricane Irma. Although Integrand demanded arbitration under both the Commercial Cat Treaty and the Personal Lines Cat Treaty, Integrand has failed to identify any unpaid amounts allegedly due under the Personal Lines Cat Treaty arising from either Hurricane Irma or Hurricane Maria. A copy of the Demand for Arbitration is attached to this Petition and made a part hereof as Exhibit C.

19. On November 16, 2018, in accordance with paragraph 2 of the arbitration clause of the Treaties, Integrand requested that Everest Re appoint its party arbitrator within 30 days from the date of Integrand's Demand for Arbitration.

20. On December 14, 2018, Everest Re served a Counter-Demand for Arbitration on Integrand, pursuant to which Everest Re appointed Aaron Stern as its party arbitrator. As required by paragraph 3 of the arbitration clause of the Treaties, Mr. Stern is a disinterested, retired executive officer of several insurance and reinsurance companies. In accordance with paragraph 2 of the arbitration clause of the Treaties, Everest Re also requested that Integrand appoint its party arbitrator within 30 days from the date of Everest's Counter-Demand for

Arbitration. A copy of Everest's Counter-Demand for Arbitration is attached to this Petition and made a part hereof as Exhibit D.

21. By letter dated December 14, 2018, Integrand appointed Raymond P. Burgos-Santiago, Esq. as its party arbitrator. Integrand did not provide a copy of Mr. Burgos's resume with its letter or otherwise explain how Mr. Burgos was qualified to serve as an arbitrator under the arbitration clause of the Treaties. A copy of Integrand's December 14, 2018 letter is attached to this Petition and made a part hereof as Exhibit E.

22. Following Everest Re's request, on December 17, 2018, Integrand provided Everest Re with a copy of Mr. Burgos's resume. A copy of Integrand's December 17, 2018 email, with Mr. Burgos's resume, is attached to this Petition and made a part hereof as Exhibit F.

23. From the face of his resume, Mr. Burgos did not appear to be a "disinterested current or retired executive officer [] of insurance or reinsurance companies or Underwriting Members at Lloyd's," as required under paragraph 3 of the arbitration clause of the Treaties. Therefore, Everest Re requested that Integrand provide support for its position that Mr. Burgos satisfied the contractual requirements of the arbitration clause of the Treaties to serve an arbitrator in the arbitration against Everest Re.

24. On December 19, 2018, Integrand's counsel sent an email to Everest Re's counsel in which Integrand asserted that "Mr. Burgos has in fact been responsible for the executive functions of supervising the business operations of Aon Insurance Managers Inc., an international insurance company offering, inter alia, insurance and reinsurance policies and treaties for risks outside of Puerto Rico." Integrand further asserted that "Mr. Burgos served as Authorized Representative, Member of the Board of Directors and Compliance Officer of US Commonwealth Life, A.I. and he was also responsible for the operations of Converge Re II." A

copy of the December 19, 2018 email is attached to this Petition and made a part hereof as Exhibit G.

25. In its counsel's December 19, 2018 email, Integrand never stated or established that Mr. Burgos was a "disinterested current or retired executive officer [] of insurance or reinsurance companies or Underwriting Members at Lloyd's" as required under paragraph 3 of the arbitration clause of the Treaties.

26. On January 11, 2019, Everest Re's counsel wrote to Integrand's counsel, stating that, "[b]ased on the information provided by Integrand to date, as well as information that is available publicly, Mr. Burgos does not appear to satisfy [the] contractual requirements" set forth in the arbitration clause of the Treaties for serving as an arbitrator. A copy of Everest Re's January 11, 2019 letter, is attached to this Petition and made a part hereof as Exhibit H.

27. In its January 11, 2019 letter, Everest Re advised Integrand that, while Mr. Burgos had served as president of Aon Insurance Managers (Puerto Rico) Inc. ("AIM PR"), AIM PR's business is to provide consulting services to insurance companies and AIM PR is not identified as an insurance or reinsurance company on the website of the Office of Insurance Commissioner.

28. In its January 11, 2019 letter, Everest Re further stated that "Integrand has not offered any proof that Mr. Burgos in fact served as an 'executive officer' of US Commonwealth Life" and that "Mr. Burgos [was] not identified as a member of the management group of Converge Re II on its website, and there is no reference to Converge Re II on his CV."

29. Last, in its January 11, 2019 letter, Everest Re advised Integrand that it "has serious concerns as to whether Mr. Burgos can serve as a disinterested, unbiased arbitrator in this matter." Everest Re explained:

As set forth in his CV, Mr. Burgos worked for Aon for approximately 15 years, from 2002 to 2017. He worked for Aon in a number of important capacities, including as "In-House Counsel for Aon plc … handling all Legal and Compliance matters" and as President of AIM PR, which you apparently claim to be "executive officer" positions. Aon served as Integrand's reinsurance broker and agent in connection with the placement and administration of the Treaties. Aon has handled important functions in connection with the Treaties, including placement, reporting, and claims administration.

30. Given its important role and functions for Integrand, Aon will likely be requested to produce documents and make one or more witnesses available to testify in the arbitration between Integrand and Everest Re.

31. On February 2, 2019, Integrand advised Everest Re that it was maintaining "its support of Mr. Burgos' qualifications to meet the requirements of the arbitration covenants, but given the impasse your unsupported objections have raised, Integrand has sought judicial intervention to annul the covenants."

32. On February 4, 2019, Integrand provided Everest Re with a courtesy copy of a complaint filed by Integrand on January 31, 2019 against Everest Re and other reinsurers in the Commonwealth of Puerto Rico, Court of First Instance, Superior Court, San Juan Part (the "Integrand Action"). Pursuant to its complaint in the Integrand Action, Integrand seeks, *inter alia*, a judicial determination that the arbitration clause of both Treaties is null and void.

33. On February 4, 2019, Odyssey Reinsurance Company removed the Integrand Action to this District. The Integrand Action is pending before the Honorable Daniel R. Domínguez.

34. FAA Section 4, 9 U.S.C § 4, states, in pertinent part, as follows:

A party aggrieved by the alleged failure, neglect, or refusal to arbitrate under a written agreement for arbitration may petition any United States district court, which, save for such agreement, would have jurisdiction under title 28, in a civil action … of the subject matter of a suit arising out of a controversy between the

parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

35.     FAA Section 5, 9 U.S.C. § 5, provides, in pertinent part, as follows:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein….

36.     Integrand has waived any right to enforce, and is estopped from enforcing, the arbitration clause of the Treaties by seeking a judicial determination that such arbitration clause is null and void and, thereby, attempting to avoid arbitration of the disputes arising under the Treaties between Integrand and Everest Re.

37.     Integrand has failed to appoint a party arbitrator who is "disinterested" and who is a "current or retired executive officer [] of insurance or reinsurance companies or Underwriting Members at Lloyd's," as required by paragraph 3 of the arbitration clause of the Treaties.

38.     As a result of Integrand's actions, there has been a lapse in the naming of an arbitrator by Integrand.

39.     More than 30 days have passed since December 14, 2018, when Everest Re appointed Mr. Stern as its party arbitrator and Integrand sought to appoint Mr. Burgos as its party arbitrator.

40.     Integrand has failed to avail of itself of the method set forth in paragraph 2 of the arbitration clause of the Treaties for appointment of the umpire.

41.     As a result of Integrand's actions, there has been a lapse in the appointment of the umpire.

42. No previous application has been made for the order and relief sought by this Petition.

**WHEREFORE**, for the reasons stated above, Everest Re respectfully requests that the instant Petition be granted and consequently prays that this Honorable Court:

43. Appoint a disinterested, current or retired, executive officer of insurance or reinsurance companies or Underwriting Members at Lloyd's to serve as Integrand's arbitrator in the arbitration against Everest Re, as required by paragraph 3 of the arbitration clause of the Treaties.

44. Appoint a retired federal judge to serve as the umpire in the arbitration between Integrand and Everest Re or, in the alternative, appoint a disinterested, current or retired, executive officer of insurance or reinsurance companies or Underwriting Members at Lloyd's to serve as the umpire, as required by paragraph 3 of the arbitration clause of the Treaties.

45. Direct that the arbitration between Integrand and Everest proceed before an arbitration panel comprised of Aaron B. Stern as Everest Re's arbitrator, the person appointed by the Court to serve as Integrand's arbitrator, and the person appointed by the Court to serve as the umpire.

46. Order that Everest Re be awarded the costs of this proceeding and attorney's fees.

47. Order any and all further relief as the justice of this cause may require.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, this 7th day of March 2019.

        **COLÓN & COLÓN, P.S.C.**
        P.O. Box 9023355
        San Juan, Puerto Rico 00902-3355
        Tel. (787) 758-6060
        Fax. (787) 753-1656

                                      s/ Francisco J. Colón-Pagán
                                      Francisco J. Colón-Pagán
                                      USDC-PR No. 120503
                                      FJColon@colonlaw.com

                                      Joseph J. Schiavone (*pro hac vice forthcoming*)
                                      Vincent J. Proto (*pro hac vice forthcoming*)
                                      SAIBER LLC
                                      18 Columbia Turnpike, Suite 200
                                      Florham Park, New Jersey 07932-2266
                                      Tel. (973) 622-3333
                                      Fax. (973) 622-3349