UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>EVEREST REINSURANCE COMPANY; ODYSSEY REINSURANCE COMPANY; CATLIN (XL CATLIN) UNDERWRITING INC., MIAMI ON BEHALF OF LLOYD'S SYNDICATE 2003, LONDON; SWISS REINSURANCE AMERICA CORPORATION ARMONK; ALLIED WORLD RE ON BEHALF OF LLOYD'S SYNDICATE 2232, LONDON; MS AMLIN UNDERWRITING LIMITED ON BEHALF OF LLOYD'S SYNDICATES 0623, 1084, 2001, 2010,2088, 2623,2791,4020, and 5678; ASPEN INSURANCE UK LIMITED TRADING AS ASPEN RE LONDON, ENGLAND; LIBERTY SPECIALTY SERVICES LTD LIB 4472, PARIS OFFICE UNDERWRITING FOR AND ON BEHALF OF LLOYD'S SYNDICATE 4472.<br><br>Defendants. | Civil No. : 19-01111 (DRD)<br><br>RE:<br><br>INJUNCTION AND DAMAGES FOR BREACH OF ANTITRUST LAWS; INSURANCE CODE; UNFAIR COMPETITION; DECLARATORY JUDGMENT; COLLECTION AND DAMAGES.<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## OPPOSITION TO INFORMATIVE MOTION TO ADVISE THE COURT OF AN IMPENDING REQUEST FOR THE COURT'S ASSISTANCE UNDER 9 U.S.C. § 5

**TO THE HONORABLE DANIEL R. DOMÍNGUEZ**
**SENIOR, UNITED STATES DISTRICT JUDGE:**

**COMES NOW** plaintiff, Integrand Assurance Company ("**Integrand**"), through its undersigned counsel, and respectfully alleges and prays:

1. On April 19, 2019, Swiss Reinsurance America Corporation ("**Swiss Re**") filed an informative motion before this Court in which it signals its intention to file an

application under Section 5 of the Federal Arbitration Act seeking the Court's appointment of Integrand's party arbitrator. <u>See</u> Docket No. 67 at 4.

2. Swiss Re requests the Court's intervention because the Arbitration Clause's process for arbitral appointments is unworkable. Swiss Re's own allegations state that it followed the process set forth in the Arbitration Clause, and the process failed. <u>See</u> Docket No. 67 at 2-3.

3. The sequence of events Swiss Re narrates is further proof of the ineffectual nature of the Arbitration Clause with regard to its provisions on arbitral appointments, the ambiguity and defects of which were already evident in the ongoing arbitrations with Odyssey Reinsurance Company and Everest Reinsurance Company. Integrand argued precisely this point in its Surreply to Swiss's Reply in Support of its Motion to Dismiss and to Compel Arbitration. <u>See</u> Docket No. 66 at 7-8.

4. It is clear that there is a dispute as to the validity of the Arbitration Clause. In light of that fact, in the event that Swiss Re decides to file an application under Section 5 of the Federal Arbitration Act seeking the Court's appointment of Integrand's party arbitrator, this Honorable Court should refrain from ruling on the application until such time as it determines the enforceability of the Arbitration Clause in dispute. To grant Swiss Re's application before that determination would lend judicial aid to —and implicitly ratify— a dispute resolution process that is not legally valid.

**WHEREFORE**, Integrand informs this Honorable Court of its opposition to Swiss's intention to file an application under Section 5 of the Federal Arbitration Act and requests that

the Court refrain from ruling on any such application until such time as it determines the validity of the Arbitration Clause.

**RESPECTFULLY SUBMITTED.**

In San Juan Puerto Rico, this 3rd day of May, 2019.

IT IS HEREBY CERTIFIED that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

**PIETRANTONI MÉNDEZ & ALVAREZ LLC**
Attorneys for Integrand
Banco Popular Center, 19th Floor
San Juan, PR  00918
Tel: (787) 274-1212
Facsimile: (787) 274-1470


S/Jorge I. Peirats
JORGE I. PEIRATS
USDC 201409
jpeirats@pmalaw.com