IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br><br>*Plaintiff*<br><br>*v.*<br><br>EVEREST REINSURANCE COMPANY, *et al.*<br><br>*Defendants* | Civil No. 19-cv-01111 |

**MOTION TO STAY OF PROCEEDING**

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, Integrand Assurance Company ("Integrand"), represented by Mr. Javier Rios in his official capacity as a Receiver of Integrand, who, through the undersigned legal counsel, very respectfully state, pray, and requests as follows:

I. **PRELIMINARY STATEMENT**

1.1   The Plaintiff hereby moves this Honorable Court to stay the instant proceeding pursuant to Article 40.120 of the Puerto Rico Insurance Code ("Insurance Code"). 26 LPRA § 4005. As it will be discussed herein, as of May 31st, 2019 Integrand is, by court order, subject to an insurance delinquency proceeding under Chapter 40 of the Insurance Code. Upon the commencement of this delinquency proceeding, there is a 90-days statutory stay to provide the appointed receiver with a "breathing spell" to asses Integrand's financial and legal endeavors. Consequently, the Plaintiff, through its receiver, requests that the case be stayed until August 29, 2019.

## II. RELEVANT BACKGROUND

2.1    This Honorable Court exercises jurisdiction over the instant case as a diversity case pursuant to 28 U.S.C. § 1332.

2.2    Integrand is a domestic legal entity organized under the laws of the Commonwealth of Puerto Rico, and an insurance company authorized by the Office of the Insurance Commissioner of Puerto Rico. Integrand is the Plaintiff of this case.

2.3    On May 30, 2019, Mr. Javier Rios, in his official capacity as Commissioner of Insurance, filed a petition in state court to commence a delinquency proceeding against Integrand under Chapter 40 of the Insurance Code; the case of <u>Comisionado de Seguros de P.R. v. Integrand Assurance Company</u>, Civil Case No. SJ2019CV05526. After notice and a hearing, the Court granted the Commissioner's petition and entered a Rehabilitation Order that is hereby attached as Exhibit 1.

2.4    Among the remedies provided by the Rehabilitation Order, (1) Mr. Javier Rios was appointed Receiver, (2)  Mr. Juan Moldes was appointed Deputy Receiver, and (3) there is a 90-days stay of all actions and legal proceedings in which Integrand is a party.

## III. STAY UPON INSURANCE RECEIVERSHIP

3.1    In accordance with Section 1 of the McCarran-Ferguson Act, "at the continued regulation and taxation by the several States of the business of insurance is in the public interest" 15 U.S.C. § 1011. Insurer insolvency is regulated by state law rather than the federal Bankruptcy Code. <u>In re: Freestone Ins. Co.</u>, 143 A.3d 1234, 1242 (Del. Ch. 2016). Therefore, even though the U.S. Constitution provides principles of universal application to the states, "the regulation of insurance and reinsurance companies is the responsibility of the several states." 12:3 U. Pa. J. Int'l Bus. L. 303 (1991).

3.2     In the case of Puerto Rico, the insolvency of a domestic insurance company is governed by Chapter 40 of the Insurance Code. 26 LPRA §§ 4001 *et seq*. Article 40.120 of the Insurance Code provides, in its relevant part, that:

> "Any court of Puerto Rico before which **any action or proceeding in which the insurer is a party**, or is obliged to defend a party, is pending when a rehabilitation order against the insurer is entered, **shall stay the action or proceeding for ninety (90) days** or for such additional time as may be necessary for the rehabilitator to obtain proper representation and prepare for ulterior proceedings. The rehabilitator shall take whichever action he/she may deem necessary in respect to the pending litigation in the interests of justice and for the protection of creditors, policyholders, and the public. The rehabilitator shall immediately consider all litigation pending outside of Puerto Rico and shall whenever necessary petition stays from the courts having jurisdiction over such litigation so as to protect the estate of the insurer."

26 LPRA § 4012(1) [Emphasis was added].

3.3     It is black letter law of federal jurisdiction that, "[f]or purposes of diversity jurisdiction a federal court is, "in effect, only another court of the State."" <u>Angel v. Bullington</u>, 330 U.S. 183 187 (1947). "The essence of diversity jurisdiction is that a federal court enforces State law and State policy. […] What is more important, diversity jurisdiction **must follow State law** and policy." Id. at 191-192 [Emphasis was added]. Therefore, in view that the instant case is a diversity case, this Honorable Court sits as a state court judge and is also bound by the statuary stay of the Insurance Code.

**WHEREFORE**, the Plaintiff, through its appointed receiver, hereby requests that this Honorable Court entertains the present motion and moves the Court to stay the instant proceeding pursuant to Article 40.120 of the Insurance Code.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties who have requested electronic notification.

**RESPECTUFULLY SUBMITTED**

In San Juan, Puerto Rico, this 20th day of June of 2019.

**GARCÍA-ARREGUI & FULLANA PSC**
252 Ponce de León Ave. Suite 1101
Citibank Towers
San Juan, Puerto Rico 00918
Telephone: (787) 766-2530
Facsimile: (787) 756-7800
E-mail: ifullana@gaflegal.com
  ecapdevila@gaflegal.com


/s/Isabel M. Fullana
Isabel M. Fullana
USDCPR No. 126802

/s/Eduardo J. Capdevila
Eduardo J. Capdevila
USDCPR No. 302713