# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY, | CIVIL NO. 19-cv-01111 (DRD) |
| Plaintiff, | RE: |
| vs. | INJUNCTION AND DAMAGES FOR BREACH OF ANTITRUST LAW; INSURANCE COD; UNFAIR COMPETITION; DECLARATORY JUDGMENT; COLLECTION AND DAMAGES |
| EVEREST REINSURANCE COMPANY, ODYSSEY REINSURANCE COMPANY, CATLIN (XL CATLIN) UNDERWRITING INC., MIAMI ON BEHALF OF LLOYD'S SYNDICATE 2003, LONDON, SWISS REINSURANCE AMERICA CORPORATION ARMONK, ALLIED WORLD RE ON BEHALF OF LLOYD'S SYNDICATE 2232, LONDON, MS AMLIN UNDERWRITING LIMITED (AML2001), AS THE LONDON MARKET LEADER FOR LLOYD'S SYNDICATES: AFB0623; FB2623; CSL1084; MMX2010; CNR2088; MAP2791; ARK4020; AND VSM5678; ASPEN INSURANCE UK LIMITED TRADING AS ASPEN RE LONDON, ENGLAND, LIBERTY SPECIALTY SERVICES LTD LIB 4472M, PARIS OFFICE UNDERWRITING FOR AND ON BEHALF OF LLOYD'S SYNDICATE 4472, | |
| Defendants. | |

## JOINT MEMORANDUM OF DEFENDANT REINSURERS (EXCEPT FOR SWISS RE) COMPLYING WITH ORDER OF OCTOBER 7, 2019

**TO THE HONORABLE COURT:**

COME NOW Allied World Reinsurance Management Company, Everest Reinsurance Company, Odyssey Reinsurance Company, Catlin Underwriting Inc., for and on behalf of Lloyd's Underwriting Syndicate No. 2003, MS Amlin Underwriting Limited, for and on behalf of Lloyd's Underwriting Syndicate No. 2001, Aspen Insurance UK Limited, and Liberty Specialty Services

Ltd., for and on behalf of Lloyd's Syndicate No. 4472 through undersigned counsel, and jointly submit their memorandum complying with this Court's October 7, 2019 Order (Doc, 121).[1]

On October 7, 2019 this Court ordered the parties (Doc. 121) to submit simultaneous briefs on whether the rehabilitation of Integrand Assurance Company ("Integrand") impacts the enforcement of the arbitration clauses contained in the Reinsurance Agreements. On October 14, 2019, the Puerto Rico Insurance Commissioner (the "Commissioner") informed the Court that Integrand's rehabilitation has been converted into a liquidation (Doc. 123). A certified English translation of the Liquidation Order ("L.O.," Doc. 125) was submitted. The appearing reinsurers will therefore comply with the October 7 Order in the context of Integrand's liquidation.

## RELEVANT FACTS AND BACKGROUND

The Liquidation Order reflects that the Commissioner retained the services of Kevane Grant Thornton LLP ("Kevane") to conduct a financial analysis of Integrand's operations. Doc. 125, p. 9 ¶3. The Kevane Report found that Integrand had not properly registered its reserves, falsely representing its financial situation in its 2018 annual statement. Id. It further found that Integrand knowingly miscategorized claims for amounts in excess of $24 Million as pertaining to Hurricane Irma instead of Hurricane Maria.[2] Integrand had a capital impairment of $215,717,159, requiring its liquidation. Doc. 125, at p. 11, ¶¶7-8. The question arises whether said liquidation has any impact on the arbitration clauses in the Reinsurance Agreements. It does not.

## Liquidation Under Chapter 40 of the Puerto Rico Insurance Code

Chapter 40 of the Puerto Rico Insurance Code (the "Code") authorizes the Commissioner

---

[1] Consistent with the practice of this court, the computation of the 8-page maximum length of this brief has excluded the caption and signature pages. References to page numbers of court filings in the electronic docket refer to their "pdf" automatic PACER page numbering. Arguments and law advanced and cited by the appearing reinsurers in their prior Joint Opposition to the Motion to Remand (Doc. 111) are hereby incorporated by reference.

[2] The Kevane Report validates codefendants' insistence on arbitration. It may be that further detailed inspection of records by the reinsurers will discover additional misapplication of claims by Integrand.

2

or his designee as liquidator to take possession of the insurer's assets and rights of action, subject to supervision by the Liquidation Court. 26 L.P.R.A. §4015(1). The liquidator stands in the insurer's shoes to "[c]ollect all debts and moneys due and claims belonging to the insurer," Id., §4018(f). For such purposes he may "[*c*]*ontinue* […] proceedings and […] file on behalf of the insurer […] suits *and other legal proceedings* in Puerto Rico *or elsewhere*." Id., §4018(l) (emphasis added). This by itself necessarily implies that the liquidator may participate in arbitration, and that the Liquidation Court is not the sole adjudicative body. Nowhere in Chapter 40 of the Code does it imply that the Liquidation Court will be the exclusive jurisdiction or venue for the adjudication of all claims that may somehow affect the insurer's estate.[3]

Regarding claims that a liquidated insurer may have with its reinsurers, Code section 40.290 applies. It provides that reinsurance amounts shall not be reduced merely because of the insolvency; reinsurer payments to an insured or creditors shall not diminish obligations to the estate; allowable reinsurance proceeds shall be distributed as provided in Chapter 40; and that these provisions are deemed incorporated in the reinsurance agreements. 26 L.P.R.A. §4029.

Because the Reinsurance Agreements arise from treaties that are apportioned among the various reinsurers, their arbitration clauses are largely identical. In this regard, the Reinsurance Agreements also have a Section titled "Insolvency" that incorporates the relevant liquidation provisions of the Code in case of an insurer's liquidation. See, e.g., Doc. 35-1, p. 24; Doc. 36-1, p. 23; Doc. 72-1 p. 24. This Section provides that the laws of Puerto Rico shall apply to covered insolvency issues, and the applicable provisions of the Reinsurance Agreements largely reflect

---

[3] After payment of obligations and administrative costs, management of the claims asserted against the liquidated insurer, and identification and collection of the insurer's net assets, and upon notice to parties in interest, the liquidator eventually petitions the Liquidation Court for the distribution of the remaining insurer assets, largely pursuant to the procedures set forth in sections 40.190, 40.200, 40.220, 40.280, 40.291, 40.310 and 40.390-40.410 of Chapter 40 of the Code, 26 L.P.R.A §§4019-4020, 4022, 4028, 4029a, 4031 and 4039-4041.

3

Section 40.290 of the Code. Compare the Insolvency Section of the Reinsurance Agreements, Doc. 36-1 p. 23, with section 40.290 of the Code, 26 L.P.R.A. §4029. As a result, the arbitration clauses <u>cannot by definition</u> disrupt or interfere with the Code's liquidation provisions.

Moreover, there are <u>no provisions</u> in Chapter 40 or in the Liquidation Order that purport to invalidate or otherwise impair arbitration. To the contrary, multiple provisions of Chapter 40 liquidation, for example, expressly recognize resolution of certain disputes involving reinsurance <u>through arbitration</u>. See 26 L.P.R.A. §4029a(3)(c)(iii) (Disputes to be resolved by arbitration under reinsurance contract); §4029a(9)(a) (Reinsurer and liquidator to commence arbitration); §4029a(9)(d) (Either party may initiate arbitration); §4029a(9)(d)(i) (arbitration venue as agreed). See to similar effects §§4029a(9)(d)(ii), (iii), (v); 4029a(9)(e), (f); 26 L.P.R.A. and 4038(1).

Whether arbitration clauses are impacted by an insurer's state law liquidation traditionally has been analyzed by first considering whether specific state insurance law provisions prohibit or supersede arbitration. See, J. Binning & T. Moll, <u>Arbitration of Reinsurance Disputes in Liquidation of Insurance Companies</u>, 32 Tort & Ins. L. J. (ABA 1997). If state law does not purport to nullify arbitration, and its liquidation adjudicatory scheme is not so restricted that by necessity it displaces arbitration, there is no need to determine whether such provisions "reverse-preempt" the Federal Arbitration Act ("FAA") pursuant to the McCarran Ferguson Act. Id.[4]

Since Chapter 40 and the Liquidation Order have no language that could be read as prohibiting arbitration, this should end the inquiry. But even more, Puerto Rico has an Arbitration

---

[4] For example, formerly the Kentucky Liquidation Act expressly subordinated arbitration to an insurance liquidator's judicial collection. Said law was validated in *Stephens v. American International Insurance Co.*, 66 F.3d 41 (2d Cir.1995). The Kentucky legislature then overruled *Stephens* by specifically providing for arbitration of reinsurance disputes in liquidation proceedings. Binning & Moll, Op. Cit. at p. 5. Subsequent efforts to allege exclusive jurisdiction of Kentucky state courts in insurance liquidation has been rejected by the Sixth Circuit in favor of arbitration. See *Atkins v. CGI Techs. & Sols., Inc.,* 724 Fed. Appx. 383 (6 Cir. 2018). With respect to other states (with the exception of New York's intricate liquidation scheme), "[n]umerous courts have held that McCarran [Ferguson] does not preserve state law limitations on arbitration even in the liquidation context." Id. at p. 6.

4

Act, 32 L.P.R.A. §3201 et seq., that largely reflects the FAA and requires strict compliance with arbitration.[5] Pursuant to Puerto Rico law, any doubts are resolved in favor of arbitration. *Universidad Catolica de P.R. v. Triangle Eng'g Corp.*, 136 D.P.R. 133, 142 (1994).[6]

The remaining issue is whether the Liquidation Order contains language that could require the enforcement of arbitration in the Liquidation Court as opposed to federal court. It does not. Even if it did, it could not survive applicable federal law and First Circuit precedent to the contrary.

The Liquidation Order provides in relevant part that lawsuits that were filed or are pending <u>*against the insurer*</u> be dismissed and transferred to the Liquidation Court (L.O. ¶31, emphasis supplied). It further bars the filing or maintaining of new judicial actions <u>*against the insurer*</u> or the Liquidator after issuance of the Liquidation Order. Id.[7] However, the present lawsuit was not filed <u>against</u> the insurer, but **by** the insurer, <u>before</u> the onset of rehabilitation or liquidation.

The Liquidation Order identifies 26 L.P.R.A. §4003(24) and alternatively §§4018 (f) and (l) as sources of authority for the position that "the Court of First Instance, San Juan Part, shall maintain jurisdiction and exclusive competency[8] over any and all matters, persons or claims related

---

[5] Any provisions of Puerto Rico insurance law that purport to abridge or impair arbitration would have to be express, and also pass muster under the Impairment of Contract Clauses of the local and federal constitutions. Moreover, other than through express statutory entitlement, the Commissioner cannot unilaterally avoid a contractual arbitration clause under Puerto Rico law because pursuant to Art. 1208 of the Puerto Rico Civil Code "[t]he validity and fulfillment of contracts cannot be left to the will of one of the contracting parties." 31 L.P.R.A. §3373.

[6] Also, Chapter 40 of the Code was an effort to implement Puerto Rico's legislative policy of fostering <u>uniform</u> national treatment of insurer liquidation by adopting in relevant part the uniform provisions and underlying policies of the National Association of Insurance Commissioners' ("NAIC") Model Act. *Intaco Equip. Corp. v. Arelis Const.*, 142 D.P.R. 648, 1997 WL 129047 *3 (1997). In this regard Section 105(E) of the NAIC Model Act provides that except for claims against the insurer's estate or where an executory contract has been rejected, "nothing in [the NAIC Model Act] shall deprive a reinsurer of any contractual right to pursue arbitration." See Section 105 (E) of the NAIC Insurer Receivership Model Act at https://www.naic.org/store/free/MDL-555.pdf.

[7] The certified translation submitted by the Commissioner at Doc. 123 reads: "…no *legal action* be filed against the Insurer … (emphasis supplied)." The original Spanish language Liquidation Order reads "… no se radique ninguna *acción judicial* contra el Asegurador …" (emphasis supplied). *L.O.* ¶31. "Acción judicial" should have been translated as 'judicial action,' not 'legal action.' See *MRCO v. Juarbe*, 521 F2d 88, 94 (1 Cir. 2008).

[8] "Competencia" in the proper legal context should have been translated as "venue."

5

to the Insurer, whether the matter or claim is for or against the Insurer, or the Insurer's Liquidator." Doc. 125, L.O. ¶41. Such language does not imply that only the Liquidation Court can adjudicate a matter that may somehow have a bearing on liquidation. In this regard, the Liquidation Order cites to *Juarbe*, *ante*, as authority. Doc. 125 p. 20 ¶31. But *Juarbe* <u>expressly rejected</u> the insinuation that Chapter 40 of the Code may in any way affect federal jurisdiction. 521 F3d at 96 ("Article 40.210 [of Chapter 40 of the Code] does nothing to affect [the district court's] grant of [federal] jurisdictional authority."). *Juarbe* instead concerned claims brought under Puerto Rico law <u>*against*</u> the Commissioner <u>after</u> the onset of liquidation (521 F3d at 90), notwithstanding that substantive Puerto Rico law (26 L.P.R.A. § 4021(l)) expressly prohibited such claims. The First Circuit agreed to dismissal, not on the basis of exclusive jurisdiction of the liquidation court, or of lack of federal jurisdiction, but on lack of legal merit pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Id. In the instant case there can be no allegation that this Court is barred or restrained by Puerto Rico law from exercising jurisdiction to entertain the arbitrable federal claims brought by the insurer, or to apply the FAA, a federal statute, to compel arbitration of such claims. *Fragoso*, 991 F2d at 885-886. Moreover, there are no provisions in Chapter 40 that could be read as restraining federal jurisdiction or venue to adjudicate requests under the FAA to compel arbitration of federal money claims brought by the insurer.[9]

---

[9] Not one of the sections of the Code cited in the Liquidation Order provides that said court has 'exclusive' jurisdiction or 'exclusive' venue for the adjudication of matters that may ultimately affect the liquidation. The Liquidation Court is merely the exclusive supervisor of the liquidation and distribution process. The cited 26 L.P.R.A. §2003(24) at ¶41 of the Liquidation Order merely states that "'Receivership Court[]' [m]eans the hall of sessions of the Court of First Instance, San Juan Part, to which rehabilitation and liquidation proceedings are assigned." In turn, 26 L.P.R.A. §4018(1)(f) also cited at ¶41 of the L.O. provides that the liquidator shall be empowered to "[c]ollect all debts and moneys due and claims belonging to the insurer, wherever located," and may "[f]ile timely actions *in other jurisdictions*," (emphasis supplied) […] "[t]ake other actions as necessary," and "[e]xhaust all resources available to the creditors." Finally, 26 L.P.R.A. §4018(1)(l) also cited at ¶41 of the L.O. provides that the liquidator may "[c]*ontinue* the proceedings and […] file on behalf of the insurer […] suits *and other legal proceedings* in Puerto Rico *or elsewhere.*" (emphasis supplied). The statutory bases cited in the Liquidation Order do not purport to provide 'exclusive' jurisdiction or venue to the Liquidation Court to adjudicate claims relating to the liquidated insurer.

The three U.S. Supreme Court cases dealing with whether ongoing claims based on federal statute (such as the motions herein to compel arbitration) may pose a conflict with parallel state insurance liquidation are *U.S. v. Fabe*, 508 U.S. 491 (1993), *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), and *Humana, Inc. v. Forsyth*, 525 U.S. 299 (1999). *Quackenbush* ruled that a mere money claim by the liquidator did not warrant federal abstention where a nondiscretionary request to compel arbitration was pending, given the important federal policy underlying the FAA. 517 U.S. at 728-730. *Humana* held that in order for a federal statute to be reverse-preempted under McCarran Ferguson, it must "invalidate, impair or supersede" the state insurance provisions. Id. at. 714. The FAA's pro-arbitration policy has no such deleterious effects on Chapter 40. *Fabe* in turn ruled that the crux of the McCarran Ferguson potential-conflict analysis revolves on whether federal law necessarily clashes with specific state liquidation provisions designed to provide <u>protection to policyholders</u>. 508 U.S. 491, 508. The First Circuit has adopted a literal interpretation of *Fabe*. In *Garcia v. Island Program Designer, Inc*., 4 F.3d 57 (1 Cir. 1993) (Breyer, J.), the First Circuit decided that the specific liquidation provisions of Chapter 40 governing filing deadlines in liquidation did not prevail over the more general Federal Priority Statute. Applying *Fabe*, the court held that the Chapter 40 deadlines were not specifically "directed at, nor necessary for, the protection of policyholders." 4 F.3d 57, 62. *Garcia* is still the law in this Circuit. *Ruthart v. U.S.*, 303 F.3d 375, 384 (1 Cir. 2002). Needless to say, by definition arbitration of a claim by an insurer (now represented by the liquidator) to collect money from a reinsurer can pose no conflict with any provision of Chapter 40 designed to protect policyholders, because they are benefitted by the pro-arbitration policies of <u>both</u> the FAA and the Puerto Rico Arbitration Act. Allowable reinsurance proceeds awarded in arbitration will eventually be distributed with approval of the Liquidation Court as provided in Chapter 40. Arbitration will thus not interfere with liquidation.

In sum, liquidation under Chapter 40 is compatible with arbitration and <u>envisions</u> arbitration. This court has been called upon to exercise federal jurisdiction to compel arbitration under the FAA, a federal statute, in respect of local and federal claims brought <u>by</u> the insurer, not against the insurer. *Fragoso v. Lopez*, 991 F.2d 878 (1st Cir.1993) is dispositive. *Fragoso* was decided in the context of insurance liquidation under the Puerto Rico Code. Confronted with an order of a Puerto Rico liquidation court requiring the transfer of all claims against the insurer to the liquidation proceedings (91 F2d at 880), later amended to require transfer to the liquidator himself (91 F2d at 888 n.3), the First Circuit held that the federal court was required to retain jurisdiction and resolve the claim. 991 F2d at 885-886. This rationale applies with even more force where there are pending motions to compel under a federal statute. *Catalina Holdings (Berm.) Ltd. v. Hammer*, 378 F. Supp. 3d 687, 692 (N.D. Ill. 2019) (Merely confirming an arbitration award does not "invalidate, impair or supersede" state liquidation law); *Koken v. Cologne Reinsurance (Barbados), Ltd.*, 34 F. Supp. 2d 240, 248 (M.D. Pa. 1999) ("Just because [arbitrators] may not apply [the law] in the manner argued by the liquidator does not make these issues uncertain or difficult."); *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (arbitration prevailed over insolvent insurer's claim for reinsurance); see also *Sevigny v. Emplrs. Ins. Co. of Wausau*, 411 F.3d 24 at 29 (1 Cir. 2005) ("No doubt answering the […] question here will likely affect the amount of money left for policyholders. But the financial effects on the liquidation cannot be enough."); *Pearson v. Fairlakes Village Condo Assoc.*, 2012 WL 874835 (D.P.R. 2012); *Phico Ins. Co. v. Pavia Health, Inc.,* 413 F. Supp. 2d 76, 79-80 (D.P.R. 2006).

**WHEREFORE**, Reinsurers respectfully request that this Court deny the Rehabilitator's Motion to Remand (Doc. 97) and that it compel arbitration.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 24th day of October 2019.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

| | |
|---|---|
| */s/* **PEDRO JIMÉNEZ**<br>PEDRO JIMÉNEZ<br>USDC-PR 121912<br>Email: pjimenez@amgprlaw.com<br>**S/KATARINA STIPEC RUBIO**<br>KATARINA STIPEC RUBIO<br>USDC-PR 206611<br>kstipec@amgprlaw.com<br>**ADSUAR MUÑIZ GOYCO**<br>**SEDA & PÉREZ-OCHOA, P.S.C.**<br>P.O. Box 70294<br>San Juan, PR 00936-8294<br>Tel: 787.756.9000<br>Fax: 787.756.9010<br>*Counsel for Defendant*<br>*Odyssey Reinsurance Company* | /s/ **IAN P. CARVAJAL**<br>IAN P. CARVAJAL<br>USDC-PR No.: 212003<br>E-mail: icarvajal@scvrlaw.com<br>**S/ ANGEL E. ROTGER SABAT**<br>ANGEL E. ROTGER-SABAT<br>USDC-PR No.: 208601<br>E-mail: arotger@scvrlaw.com<br>**S/ XAYMARA COLÓN GONZÁLEZ**<br>XAYMARA COLÓN-GONZÁLEZ<br>USDC-PR No.: 231405<br>E-mail: xcolon@scvrlaw.com<br>**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**<br>166 Ave. De La Constitución<br>San Juan, Puerto Rico 00901<br>Tel.: (787) 289-9250<br>Fax: (787) 289-9253<br>*Counsel for Catlin Underwriting Inc., for and on behalf of Lloyd's Underwriting Syndicate No. 2003, MS Amlin Underwriting Limited, for and on behalf of Lloyd's Underwriting Syndicate No. 2001, Aspen Insurance UK Limited, and Liberty Specialty Services Ltd., for and on behalf of Lloyd's Syndicate No._4472 _* |
| **S/FRANCISCO E. COLÓN RAMÍREZ**<br>FRANCISCO E. COLÓN RAMÍREZ<br>Bar No.: 210510<br>E-mail: fecolon@colonramirez.com<br>**COLÓN RAMÍREZ LLC**<br>PO Box 361920<br>San Juan, PR 00936-1920<br>Tel.: (888) 760-1077<br>Fax: (305) 507-1920<br><br>& | **S/FRANCISCO J. COLÓN-PAGÁN**<br>FRANCISCO J. COLÓN-PAGÁN<br>USDC-PR No. 120503<br>E-mail: fjcolon@colonlaw.com<br>**COLÓN & COLÓN, P.S.C.**<br>P.O. Box 9023355<br>San Juan, Puerto Rico 00902-3355<br>Tel. (787) 758-6060<br>Fax. (787) 753-1656<br><br>& |

| | |
|---|---|
| **S/ MICHAEL J. TRICARICO** | Joseph J. Schiavone |
| MICHAEL J. TRICARICO | Admitted Pro Hac Vice |
| Admitted Pro Hac Vice | Vincent J. Proto |
| E-mail: michael.tricarico@kennedyscmk.com | Admitted Pro Hac Vice |
| KENNEDYS CMK LLP | **SAIBER LLC** |
| 570 Lexington Avenue – 8th Floor | 18 Columbia Turnpike, Suite 200 |
| New York, New York 10022 | Florham Park, New Jersey 07932-2266 |
| (646) 625-4000 | Tel. (973) 622-3333 |
| | Fax. (973) 622-3349 |
| *Counsel for Allied World Reinsurance Management Company* | *Counsel for Everest Reinsurance Company* |