IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTEGRAND ASSURANCE COMPANY<br><br>*Plaintiff*<br><br>*v.*<br><br>EVEREST REINSURANCE COMPANY, *et al.*<br><br>*Defendants* | Civil No. 19-cv-01111 |

**MOTION TO INFORM
EFFECT OF LIQIDATION RECEIVERSHIP**

TO THE HONORABLE COURT:

COMES NOW the Plaintiff, the Estate Integrand Assurance Company ("Integrand"), through Javier Rivera Rios in his official capacity as Liquidating Receiver of Integrand, who, through the undersigned legal counsel, very respectfully state, pray, and requests as follows:

1. Since May 31, 2019, Integrand has been under a receivership proceeding in state court under Chapter 40 of the Puerto Rico Insurance Code. 26 LPRA §§ 4001-4054.[1] Even though Integrand's receivership started as a rehabilitation proceeding, on September 23, 2019, the Court of First Instance of San Juan (the "Receivership Court") entered an order converting the receivership into a liquidation proceeding pursuant to Article 40.130(a) of the Insurance Code. 26 LPRA § 4013. Upon the entry of a liquidation order, the Rehabilitator steps into the shoes of the insolvent insurance company. This, however, is not the case for Liquidators. As it will be discussed herein,

---

[1] Unless otherwise stated, any reference to "Chapter 40" refers to Chapter 40 of the Puerto Rico Insurance Code 26 LPRA §§ 4001-4054; and any reference to the "Insurance Code" refers to Title 26 of the Puerto Rico Laws Annotated. 26 LPRA §§ 101 *et seq*.

1

pursuant to Chapter 40 and EEOC v. Waffle House, Inc., 534 U.S. 279 (2002), Commissioner, as Integrand's Liquidating Receiver, cannot be compelled into arbitration.

2. "The statutory scheme for the receivership in liquidation of an insurance company sets up a self-contained and exclusive statutory scheme." State ex rel. Angoff v. Wells, 978 S.W. 2d 411, 413 (Mo. App. 1999). Chapter 40 of the Insurance Code contains a comprehensive procedure for the rehabilitation or liquidation of domestic insurance companies. Advance Cellylar Sys. V. Mayol, (In re: Advance Cellylar Sys.), 235 B.R. 713, 721 (Bankr. D.P.R. 1999). Like a case under the Federal Bankruptcy Code, it provides for a **centralized** proceeding for a court appointed receiver to marshal the insurer's assets, manage them for the benefit of the policy holders, creditors, and the public safety. *See* In re: Freestone Ins. Co., 143 A.3d 1234, 1244 (Del. Ch. 2016); *See* also Receiver's Handbook, at 464.² As stated by the Court of Appeals for the Eight Circuit:

> Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted [sic] to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice Cardozo in Clark v. Williard, 292 U.S. 112, 123, 54 S.Ct. 615, 620, 78 L.Ed 1160"

Motlow v. Southern Holdings & Sec. Corp., 95 F.2d 721, 725 (8th Cir. 1938).

3. In furtherance of this centralized administration principle, "only the chief insurance regulator in the domiciliary jurisdiction can serve as the receiver for the

---

² Available at https://www.naic.org/documents/prod_serv_fin_receivership_rec_bu.pdf

insolvent insurer." In re: Freestone Ins. Co., supra, at 1245. This centralized proceeding has been referred to as an *in rem* action in which the state court generally has exclusive control over the assets of the insolvent insurance company. Ballesteros v. New Jersey Property Ins. Guaranty Assoc., 530 F. Supp. 1367, 1370 (D. N.J. 1982). In the case of Puerto Rico, Chapter 40 provides that the Commissioner is the only person that can be appointed as a receiver. Now, Chapter 40 provides for two types of receiverships with different goals: rehabilitation and liquidation.

4. In a rehabilitation proceeding the overreaching goal is to correct the cause that led to the insurer to be placed under receivership; "the ultimate goal is restoring the company to a sound fiscal status so that it can reemerge as a viable insurer for the public good." 9 New Appleman on insurance Law Library Edition § 100.06[3]. To reach this goal, "an appointed rehabilitator takes possession and full managerial authority of an insurer's property, **conducts its business**, and remains in control **until** an order to terminate the rehabilitation proceeding or initiate another form of proceeding." Id. at § 1001.01[1][a] [Emphasis was added]. In this sense, a Chapter 40 rehabilitation is like a Chapter 11 bankruptcy proceeding with an appointed trustee. *See* 11 U.S.C. § 1104. Nevertheless, unlike a bankruptcy trustee whose fiduciary duty is to estate; the Commissioner's roll is within the scope of its police power for the benefit of policy holders and the public safety. See Minor v. Stephens, 898 S.W. 2d. 71, 78 (Ky. 1995); Kreidler v. Cascade National Ins. Co., 179 Wn. App. 851, 861 (Wash. App. 2014).

5. In a liquidation receivership, the goal is not to restore the insurer's financial condition. "Liquidation proceedings are designed to protect creditors, policyholders, and the general public by providing comprehensive and efficient means for collecting insolvent's assets and equitably paying claims of creditors." Id. at §

101.01[2]. "The purpose of an insurance liquidation is to wind up the company's affairs in the most efficient manner. The goal of most insurance liquidation statutes is similar to the federal Chapter 7 bankruptcy law: to ensure the equitable distribution of an insolvent debtor's property to its creditors. However, insurance liquidations differ from bankruptcy trustees in that the primary purpose of the state insurance liquidation statute is to **protect** an insurance company's policyholders, as well as its other creditors, by preventing dissipation of the company's assets when the commissioner determines that the financial affairs of the company are in a hazardous condition." Id. Therefore, in a liquidation, the Commissioner does not manage or operate the insurer's business as a going concern. In liquidation, the Commissioner marshals and maximizes the assets of the insurer for the benefit of policy holders and the general public.

6. In the case of Puerto Rico, "[t]he proceedings in cases of insolvency and of any noncompliance by an insurer shall constitute integral aspects of the insurance business and as such are vested with public interest." 26 LPRA § 4001(4)(g). "The purpose of this chapter [*40*] is to **protect** the interests of the insured, claimants, creditors **and general public**" 26 LPRA § 4001(4) [Emphasis was added]. Consequently, unlike a Chapter 7 Trustee, the Liquidating Receiver executes its police power. As such, it does not step entirely into the shoes of the insurer. "[T]he liquidator does not stand in the shoes as a mere successor in interest of the insolvent insurer. Consequently, [*the Commissioner*] is not bound to arbitration agreements as if she were the signatory insurer." Taylor v. Ernst & Young, LLP, 130 Ohio St. 3d 411, 418 (2011).

7. The Supreme Court has stated that "[a]rbitration under the FAA is a matter of consent, not coercion." EEOC v. Waffle House, Inc., 534 U.S. 279 (2002). "It goes without saying that a contract cannot bind a nonparty. Accordingly, the

4

proarbitration policy goals of the FAA do not require the agency to relinquish its statutory authority if it has not agreed to do so." Id. In this case, as previously mentioned, the Commissioner as Integrand's Court appointed Liquidator is not a party to the arbitration agreement and cannot be compelled to enter an arbitration proceeding.

**WHEREFORE**, the estate of Integrand hereby requests that this Honorable Court entertains the present motion and deems the Order entered at Docket No. 120 complied with and that this Court denies defendants' request for dismissal on arbitration grounds.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all parties who have requested electronic notification.

RESPECTUFULLY SUBMITTED

In San Juan, Puerto Rico, this 24th day of October of 2019.

        GARCÍA-ARREGUI & FULLANA PSC
        252 Ponce de León Ave. Suite 1101
        Citibank Towers
        San Juan, Puerto Rico 00918
        Telephone: (787) 766-2530
        Facsimile: (787) 756-7800
        E-mail: ifullana@gaflegal.com
        ecapdevila@gaflegal.com

        /s/Isabel M. Fullana
        Isabel M. Fullana
        USDCPR No.  126802

        /s/ Eduardo J. Capdevila
        Eduardo J. Capdevila
        USDCPR No. 302713