IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **INTEGRAND ASSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EVEREST REINSURANCE COMPANY,** *et al.*,<br><br>**Defendants.** | **CIVIL No. 19-1111 (DRD)** |

**OMNIBUS REPLY TO DEFENDANTS' OPPOSITIONS
TO MOTION TO ALTER OR AMEND A JUDGMENT**

**NOW INTO THIS COURT**, by and through the undersigned counsels, comes the Insurance Commissioner Rafael Cestero Lopategui in his official capacity as Liquidator to Integrand Assurance Company under Chapter 40 of the Insurance Code of Puerto Rico, 26 LPRA Sec. 4001, *el seq*, to submit the herein captioned *Omnibus Reply to Defendants' Oppositions to Motion to Alter or Amend a Judgment*. See, docket entries 158 & 159. In support thereof, the Insurance Commissioner shows the Court the following:

**I.   INTRODUCTION**

1.   On December 4, 2019, this Court issued its Opinion & Order essentially granting all of the relief which Defendants sought. Therein, the Court reasoned that "state law is preempted to the extent it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FAA…. [a]ccordingly, the Court understands that the FAA trumps any state law that undermines the liberal federal policy favoring arbitration…". In addition, the Court opined "[t]here is no existing statutory provision that expressly confers **exclusive** jurisdiction over the state court overseeing the liquidation procedure to address all claims that involve Integrand. Specifically, the Puerto Rico

Insurance Code does not provide for exclusive jurisdiction over matters involving the insurer." DE 140, pp. 17, 24-25.

  2.  On December 5, 2019, the Court entered the following order in its judgment:

[T]he Court hereby enters a final judgment **DISMISSING THE INSTANT CASE WITHOUT PREJUDICE**. The parties are ordered to proceed to arbitration of the disputes forthwith in accordance with the terms of the arbitration provision.

Docket 143.

  3.  On December 21, 2019, the Liquidating Officer filed a "*Motion to Alter or Amend A Judgment*" pursuant to Fed. R. Civ. P. 59(e). Therein, the Liquidating Officer explained to the Court areas germane to the insurance body of law that were counter to the reasoning of the December 4, 2019 Opinion & Order ordering the parties to arbitrate the disputes. Specifically, the Liquidating Officer addressed the following points that warranted for the Court to vacate its Opinion & Order as follows:

  a) *The McCarran-Ferguson Act Reverse-Preempts the Federal Arbitration Act.*

  b) *The Commonwealth's Insurance Code vests the Superior Court as the Liquidating Forum with Exclusive Jurisdiction.*

  c) *A Stay is currently in effect.*

  d) *Under Principles of Comity this Court Should defer to the Liquidation Court.*

Docket 147.

  4.  On January 21, 2020, Allied World Reinsurance Management Company, Everest Reinsurance Company, Odyssey Reinsurance Company, Catlin Underwriting Inc., for and on behalf of Lloyd's Underwriting Syndicate No. 2003, MS Amlin Underwriting Limited, for and on behalf of Lloyd's Underwriting Syndicate No. 2001, Aspen Insurance UK Limited, and Liberty Specialty Services Ltd., for and on behalf of Lloyd's Syndicate No. 4472 filed their opposition to the Liquidating Officer's Motion for Relief of Judgment captioned as "*Joint Opposition of Defendant Reinsurers (Except For Swiss Re) to the Liquidator's Motion to Amend Judgment (ECF 147) and to his Motion for a Stay (ECF 152)*." Hereinafter, "Joint Motion"; docket 158.

5. In the Joint Motion, Defendants propound the following discrete arguments for why this Court should deny the Liquidator's Rule 59 Motion:

   a) That Chapter 40 of the Insurance Code applies only to actions *against* the Liquidator not actions brought by the Liquidator.

   b) 26 L.P.R.A. § 4005(1) and (3) govern issues such as stays and injunctions relating to liquidation proceedings, but do not refer to Puerto Rico courts as the exclusive jurisdiction for resolving disputes between an insolvent insurer and its reinsurers. 26 L.P.R.A. § 4015(1).

   c) The Liquidation Stay is inapplicable.

Docket 159, pp. 4, 7.

6. The second motion opposing the Liquidator's Motion for Relief of Judgment was filed on January 21, 2020 captioned as "*Swiss Re's Opposition to Integrand's Motion to Amend the Judgment*" (hereinafter "Swiss' Motion"). Docket 159. Therein, Swiss makes two distinct arguments:

   a) That because the Liquidator could appear before any Court inside or outside, the, Commonwealth's Superior Court does not have exclusive jurisdiction. Docket 159, pp. 5-6.

   b) The insurance Code applies only to actions *against* the Liquidator not actions brought by the Liquidator. Id, pg. 8.

7. The Liquidator incorporates by reference the factual history and the arguments raised in his "*Motion to Alter or Amend A Judgment.*" Therefore, we will avoid an *ad nauseum* repetition of the arguments already raised in the record; however, we clarify the arguments raised by Defendants which are incorrect and left "as is" can have the effect of inducing this Court to error.

**II.   ARGUMENT**

We start with the obvious; the instant case involves the efforts of first, Integrand and now the Liquidator, in obtaining assets that are part of its account receivables - of monies owed - , namely assets owed to Integrand by the reinsurance agreements. Where those proceedings take place, in which forum it will be decided, or where the decision will ultimately happen, in arbitration, mediation or elsewhere, must first start in the Receivership Court.

3

> A.   The Insurance Code Provides for Exclusive Jurisdiction in Commonwealth's Liquidation Court

The Joint Motion argues, that

> 26 L.P.R.A. § 4004(1) and 4015(1), for instance, deal with the appropriate jurisdiction and venue for bringing a receivership proceeding— *not* litigating a pre-existing dispute between an insolvent insurer and its reinsurers. 26 L.P.R.A. § 4005(1) and (3) govern issues such as stays and injunctions relating to liquidation proceedings, but do not refer to Puerto Rico courts as the exclusive jurisdiction for resolving disputes between an insolvent insurer and its reinsurers.

Docket 158, pg. 4.

Similarly, Swiss argues that

> [] The Code affirmatively demonstrates that the Superior Court is not the exclusive venue for suits involving the insurer, because several provisions of the Code expressly contemplate litigation elsewhere. *See, e.g.*, 26 L.P.R.A. § 4005(2) (liquidator "may appear before any court, inside or **outside of Puerto Rico** . . . for the purpose of pursuing claims against any person") (emphasis added); 26 L.P.R.A. § 4018(1)(l) (liquidator is empowered to "[c]ontinue the proceedings and to file on behalf of the insurer or in his/her own behalf, each and every one of the suits and **other legal proceedings** in Puerto Rico **or elsewhere**, or to abandon the prosecution of claims he/she deems unprofitable to pursue further") (emphasis added).

Docket 159, pg. 5-6.

Swiss' argument seems to propose, that because the Commissioner can be active in legal proceedings elsewhere, the Liquidator can obviate the requirement of first proceeding before the Receivership Court – who may very well order to proceed with arbitration, mediation or litigation. This is incorrect.

It stands to reason, that to be active in legal proceedings elsewhere would arguably contemplate scenarios where processes require intervention, for example in an *in rem* proceeding outside of Commonwealth jurisdiction, where the insolvent insurance company had commercial interest and the rights need to be secured in a different jurisdiction.

Sect. 4005(1)(f) authorizes "an administrator appointed" pursuant to the instant provision to at any time and in court request the stay orders – or any order as may be deemed necessary – to prevent, *inter alia*, "**the institution or further prosecution of any actions or proceedings**."

Sect. 4015(1) of Title 26 provides in its pertinent part that

An order to liquidate the business of a domestic insurer shall appoint the Commissioner or any successor in office as the liquidator and authorize him/her to take immediate possession of the assets of the insurer and administer the same **under the exclusive general supervision of the Receivership Court.**

Neither Swiss nor the Companies appearing in the Joint Motion advance a source of authority negating what is stated in black-letter that the receivership court is the Superior Court as the court with exclusive jurisdiction. The receivership court is the only Court with jurisdiction to hear any matter related Integrand's estate.

> B.  *Any Action by the Liquidator, Either as Plaintiff or Defendant, is Under the Exclusive Jurisdiction of the Receivership Court*

The Companies that form part of the Joint Motion, as well as Swiss who filed its own memorandum, argue that Integrand, and by implication, the Commissioner's Liquidator, cannot avail himself with the Insurance Code because it only covers claims "against the insurer or liquidator *not* actions by the insurer against its reinsurers." Docket 158, pp. 4. See also Swiss' Motion, docket 159, pg. 8.

The reinsurance companies in both memorandums rely on Sect. 4021 for the proposition that the Liquidator cannot rely on the Code as a means to have this Court return the instant litigation to the right court: The Superior Court as the Receivership Court.

Sect. 4021 is captioned "*Liquidation-Actions **by and against** the liquidator*." Nowhere in Sect. 4021 is there a bar, a prohibition, an exclusion or an exemption which does not allow for the Liquidator to have the case returned to the correct forum regardless on which side of the caption the Commissioner is on.

Subsection (1) of Sect. 4021 provides that

5

> Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order.

A plain reading of subsection (1) is that once the insolvency processes commences, and upon the appointment of a liquidation officer, an action cannot be instituted against the debtor's estate, the liquidator, nor an action be maintained.  Contrary to the reinsurance companies' arguments, subsection (2) of Sect. 2021 in fact, provides that the "liquidator may, upon or after the issuance of a liquidation order, …. file suit or institute a proceeding on behalf of the estate of the insurer." **Emphasis Ours**. However, such action by the Liquidator shall and must be carried **under the exclusive general supervision of the Receivership Court**.  Sect. 4015(1).

At any rate, Sect. 4005(1)(f) vests the Commissioner with the authority to prevent, *inter alia*, "**the institution or further prosecution of any actions or proceedings**."  As such, the reinsurance companies' interpretations of the code and their arguments that the same is devoid of authority conferring exclusive jurisdiction to the receivership court or that the code limits its application depending on whether the Liquidator is suing or being sued, are not correct.

    1) <u>Fragoso v. Lopez, 991 F.2d 878 (1st Cir. 1993) is Inapposite</u>

*Fragoso v. Lopez*, *Supra*, involved a series of issues that are neither material nor apply in the instant case.  At play in *Fragoso* were issues, among them, stay of proceedings and abstention. Notably, in deference to the Commonwealth proceedings, the *Fragoso* Court granted the stay.  991 F.2d *Supra* at 880; see, P.R. Laws Ann. tit. 26, § 3818 (Supp.1989), f.n. 4.  For purposes of substantive arguments germane to application of the insurance code under the *Erie* Doctrine in a diversity case, the Commissioner's argument relied principally on abstention.

The Joint Motion argues that *Fragoso* is controlling and dispositive.  Docket 158, pp. 6-7, 9, and 15.  Not so.  The Liquidator has been quite clear, that it was specifically refraining from abstention

as a basis for remanding the instant case to the Receivership Court. Motion to Alter/Amend, docket 147, pg. 15, note 3.

Similarly, Swiss argues that under the Supremacy Clause, relying on *Fragoso v. Lopez*, this Court correctly ordered arbitration.

The Liquidator's argument at all relevant times has been that the *McCarran Ferguson Act* ("MFA") reverse-preempted this Court's jurisdiction and that under the holding of *MRCO v. Juarbe,* 521 F.3d 88 (1st Cir. 2008), this Court should return this case to the Receivership Court. Notably, the MFA is not addressed anywhere in *Fragoso*.

The reinsurance companies' reliance on *Fragoso v. Lopez* is misplaced and misapprehend the application of the MFA and the holding in *MRCO v. Juarbe* to the particular circumstances of this case, which is undergoing liquidation, is under a statutory stay which has not yet expired. 26 L.P.R.A. Sec. 3818; Motion to Alter/Amend, docket 147, pp. 9-10. As such, the reinsurance companys' arguments should be denied.

C.     *The Liquidation was Not Waived*

The Joint Motion argues that the Liquidator's stay argument is waived given that he had previously asked for a lifting of the stay, and now the Liquidator argues to maintain the stay. Docket 158, pg. 17. This argument is not correct.

Upon the issuance of the Rehabilitation Order, the Rehabilitator requested for Court to "to remand the instant action to the Supervising Tribunal with exclusive jurisdiction to entertain matters pertaining to Integrand's rehabilitation." Docket 97, ¶ 9. *(Motion to Lift Stay and to Remand Case to the San Juan Court of First Instance)*. Subsequently, on September 23, 2019, the insolvency proceeding was converted to a Liquidation. Docket 125. Simply put, the purported request to lift the stay was for the purpose of remand to the receivership court.

As such, the appearing Liquidator requests that this Court set aside the judgment entered dismissing the case and ordering arbitration and instead proceed to Remand the instant action

consistent with *MRCO v. Juarbe,* 521 F.3d 88 (1st Cir. 2008). The Commissioner's Liquidator so requests.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on this 6th day of February 2020.

I HEREBY CERTIFY that on today's date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Rubén T. Nigaglioni*
Rubén T. Nigaglioni
UDSC-PR No. 119901

**NIGAGLIONI LAW OFFICES PSC**
Attorneys for Plaintiffs
P. O. Box 9023865
San Juan, Puerto Rico 00902-3865
Telephone: (787)765-9966
Telefax: (787)751-2520
rtn@nigaglionilaw.com

*S/Pedro R. Vazquez III*
USDC-PR NO. 216311

**PEDRO R. VAZQUEZ III, PSC**
405 Esmeralda Ave.
Suite 2, PMB 153
Guaynabo, PR   00969-4457
(787) 925-4669
Email: prvazquez3@gmail.com