IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **INTEGRAND ASSURANCE COMPANY,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**EVEREST REINSURANCE COMPANY, et al.,**<br><br>*Defendants.* | **CIVIL NO. 19-1111 (DRD)** |

**ORDER ON RECONSIDERATION**

On December 5, 2019, the Court entered a *Judgment* dismissing the *Amended Complaint* filed by Integrand Assurance Company ("Plaintiff" or "Integrand") and ordering the parties in the instant case to proceed to arbitration in accordance with the terms of the arbitration provisions included in the reinsurance contracts executed between them.[1] *See* Docket No. 143. However, Plaintiff filed a *Motion to Alter or Amend a Judgment*. *See* Docket No. 147. Plaintiff's essential contention is simple; Integrand argues that the Superior Court of the Commonwealth of Puerto Rico's (the "Receivership Court") is the forum with "exclusive jurisdiction to attend" to any action -including those raised in its *Amended Complaint*-, by or against the Insurer and the Insurance Debtor's estate, since the outset of receivership proceedings. To that end, Plaintiff requests that the referenced *Judgment* be set aside. Furthermore, Plaintiff requests the Court to remand the instant case to the Receivership Court, which is currently overseeing Integrand's liquidation, pursuant to Puerto Rico's Insurance Code, 26 L.P.R.A. § 4001 *et. seq.*

---

[1] Said *Judgment* was entered pursuant to the *Opinion and Order* at Docket No. 140.

Additionally, pending before the Court is Plaintiff's *Motion to Stay the Proceedings*. *See* Docket No. 152. Therein, Integrand requested the Court to stay: (a) the proceedings before it and (b) the arbitration proceedings compelled through the *Judgment*, until the Court rules upon the *Motion to Alter Judgment*. *See* Docket No. 150.

Codefendants, Everest Reinsurance Company; Odyssey Reinsurance Company; Catlin (XL Catlin) Underwriting Inc., Miami, on behalf of Lloyd's Syndicate 2003; Allied World Reinsurance Management Company, for and on behalf of Lloyd's Syndicate 2232, London; MS Amlin Underwriting Limited, on behalf of Lloyd's Syndicates 0623, 1084, 2001, 2010, 2088, 2623, 2791, 4020, and 5678; Aspen Insurance UK Limited Trading as Aspen Reinsurance London, England; and Liberty Specialty Services LTD LIB 4472, Paris Office Underwriting on behalf of Lloyd's Syndicate 4472, filed a *Joint Opposition* to Plaintiff's *Motion to Alter Judgment* and *Motion to Stay*. *See* Docket No. 158. Individually, Swiss Reinsurance America Corporation Armonk, filed oppositions to both of Plaintiff's motions. *See* Dockets No. 159 and 160. Finally, Plaintiff filed an *Omnibus Reply* to the oppositions of all Defendants. *See* Docket No. 164.

For the reasons set forthwith, Integrand's *Motion to Alter Judgment* and *Motion to Stay* are hereby **DENIED**.

### I. Plaintiff's *Motion to Alter or Amend Judgment* pursuant to Rule 59 of the Federal Rules of Civil Procedure.

#### A. *Plaintiff has not satisfied the necessary requirements to warrant a motion to alter or amend judgment under Rule 59.*

Motions for reconsideration are to be entertained by courts should they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. *See* Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008); *see*, *also*, Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World

University, Inc., 978 F.3d 10, 16 (1st Cir. 1992)). Plaintiff's motion does not present newly discovered evidence nor argues that there has been an intervening change in the law. *See* Prescott, *supra*, at 45. Therefore, Plaintiff's *Motion* can only be entertained by the Court should the mover seek to correct a manifest error of law. *See id*.

As should be known, "a manifest error is '[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (citing *Black's Law Dictionary* 563 (7th ed.1999)). Although Plaintiff does not explicitly allege that the Court, in fact, committed a "manifest error of law", the argument as to the "exclusive jurisdiction" of the Receivership Court to dispose of any and all actions, for or against Integrand, surely suggests the same. However, this argument also fails to meet the standard for the Court to grant the *Motion* under Rule 59 (e).

A motion for reconsideration **cannot be used as a vehicle to re-litigate matters previously adjudicated**. *See* Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014); Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990) ("The holdings, therefore, may be construed as stating no more than the proposition that Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."); Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc., 189 F.R.D. 202, n. 4 (D.P.R. 1999); Exxon Shipping Co. v. Baker, 554 U.S. 471 at note 5 ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–128 (2d ed.1995)).

The Court finds that Plaintiff has previously presented all of the arguments at the crux of their *Motion to Alter* -and *Motion to Stay*- before the Court. To that end, the Court highlights that Plaintiff argued said theory while the Receivership Court was overseeing Integrand's rehabilitation; Plaintiff recognizes said fact in its own *Omnibus Reply*: "[u]pon the issuance of the Rehabilitation Order, the Rehabilitator requested for Court to 'remand the instant action to the Supervising Tribunal with **exclusive jurisdiction to entertain matters pertaining to Integrand's rehabilitation**.' Docket 97, ¶ 9. (*Motion to Lift Stay and to Remand Case to the San Juan Court of First Instance."* Docket No. 164 at 7 (emphasis provided).

Moreover, after the rehabilitation proceedings before the Receivership Court were converted to liquidation proceedings, the Court afforded all parties the opportunity to argue "**whether Integrand's Rehabilitation Proceeding impacts the enforcement of the arbitration clauses contained in the Reinsurance Agreements**". Docket No. 121 (emphasis provided). In compliance with said *Order*, on October 24, 2019, Plaintiff filed a *Motion to Inform Effect of Liq[u]idation Recevership*. Although Plaintiff had the opportunity to discuss the "exclusive jurisdiction" argument once again, it chose to proffer a theory as to the impossibility of compelling Integrand's Liquidating Receiver into arbitration. See Docket No. 129.[2]

Furthermore, the *Opinion and Order* in question clearly reflects that the Court -in fact- considered Plaintiff's "exclusive jurisdiction" argument. To that end, the *Order* included a whole section titled: "Local State Liquidation Procedure does not Preempt the Federal Arbitration Act". Said section evinces that the Court considered the Receivership Court's *Rehabilitation Order* provided by Plaintiff through Docket No. 93, the *Liquidation Order* provided by Plaintiff at Docket

---

[2] Although the Court finds that it does not have to weigh the merits of Plaintiff's "exclusive jurisdiction" arguments for the reasons set above; for the sake of clarity, in the following section, the Court will provide further insight as to why -in the instant case- the argument fails on the merits.

4

No. 96 and the relevant provisions of Puerto Rico's Insurance Code.[3] As a result, the Court concluded that "the Puerto Rico Insurance Code does not provide for exclusive jurisdiction over matters involving the insurer … [i]n the absence of such indication from the state legislature, the Court cannot assume that the liquidation procedure occurring in state court divests this Court of federal jurisdiction." Docket No. 140 at 25. Consequently, the Court does not find, in Plaintiff's *Motion to Alter* or *Motion to Stay*, any arguments that have not been already considered before entering the *Opinion and Order* and corresponding *Judgment*.

On the other hand, even if Plaintiff had managed to include new legal arguments in the *Motion to Alter* the First Circuit has reiterated that "[a] motion to reconsider should not 'raise arguments which could, and should, have been made before judgment issued.'". Feliciano Hernandez v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011); *see*, *also*, Soto-Padró v. Public Buildings Authority, et al., 675 F.3d 1, 9 (1st Cir. 2012); ACE Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 45, 55 (1st Cir. 2008); FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992); Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (emphasis provided); F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992) ("[Motions under Rule 59 (e)] may not be used to argue a new legal theory."); Nat'l Metal Finishing Co., Inc. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

### B. Plaintiff's inapposite "exclusive jurisdiction" argument.

Plaintiff's contention as to this Court's purported lack of jurisdiction and the application of the FAA to enforce the arbitration provisions of the reinsurance agreements is essentially based on two arguments. First, Plaintiff rests on the Receivership Court's *Liquidation Order,* where,

---

[3] Furthermore, the Court notes that Plaintiff had already brought forth its arguments under the McCarran-Ferguson Act and the Circuit Courts' decisions in *MRCo v. Juarbe*, 521 F.3d 88 (1st Cir. 2008), and *Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585 (5th Cir. 1998). See Docket No. 111.

5

pursuant to Puerto Rico's Code of Insurance, it determined that it was the forum with "exclusive jurisdiction" to address any and all claims, for or against Integrand, during the liquidation procedure.[4] Second, Plaintiff contends that the application of the McCarran-Ferguson Act should reverse preempt the FAA and, therefore, impede this Court from enforcing the valid arbitration clauses included in the reinsurance contracts.

The Supreme Court has indisputably stated that "state courts are completely without power to restrain federal-court proceedings in *in personam* actions like the one here". Donovan v. City of Dallas, 377 U.S. 408, 413 (1964). Said ruling has been reiterated on numerous occasions and holds water to this day. *See*, *for example*, General Atomic Co. v. Felter, 434 U.S. 12, 17 (1977) ("It is therefore clear from *Donovan* that the rights conferred by Congress to bring *in personam* actions in federal courts are not subject to abridgment by state-court injunctions, regardless of whether the federal litigation is pending or prospective."). *See*, *also*, Fargoso v. López, 991 F.2d 878, 881 (1st Cir.1993) ("We start with bedrock: a state court cannot enjoin federal proceedings"). Consequently, as a matter of law, the *Liquidation Order* cannot divest the Court of jurisdiction to entertain the issues in the instant case; Plaintiff's argument as to this matter is therefore dismissed.[5] On the other hand, Plaintiff's request for reverse preemption under the McCarran-Ferguson Act is meritless as well.

After the Supreme Court's ruling in *United States v. South-Eastern Underwriters Assn.*, 322 U.S. 533 (1944), concern grew in the United States Congress that said precedent would

---

[4] The Receivership Court included various provisions in the *Liquidation Order* that incorrectly suggest that it has the authority to divest this Court of jurisdiction. *See* Docket No. 125, Exhibit 1 ¶ 6; 33, 31, 33, 34 and 41.

[5] Furthermore, although Integrand has refrained from requesting the Court from abstention as a basis for remanding the instant case, the Court analyzed the possibility of its application. However, it finds that the instant action does not contain the necessary elements to warrant the extraordinary application of an abstention doctrine. *See*, *for example*, Fargoso v. López, *supra* (narrowing the usage of the *Burford* abstention in the context of federal claims during a liquidation proceeding under Puerto Rico law).

undermine state efforts to regulate the business of insurance. *See* Humana Inc. v. Forsyth, 525 U.S. 299, 306 (1999). In response, Congress enacted the McCarran-Ferguson Act. Through Section 2 of the Act "Congress ensure that federal statutes not identified in the Act or not yet enacted would not automatically override state insurance regulation". *Id*. In its relevant part, Section 2 states that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance […]". 15 U.S.C. § 1012. Said section has been recognized as a "reverse preemption" provision. "Thus, [the] McCarran-Ferguson [Act] authorizes 'reverse preemption' of generally applicable federal statutes by state laws enacted for the purpose of regulating the business of insurance." ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 380 (4th Cir. 2012).

In *Humana*, the Supreme Court established a three part test that requires the Court to analyze whether: (a) the state statute was enacted for the purpose of regulating the business of insurance; (b) the federal statute involved does not specifically relate to the business of insurance; and (c) the application of the federal statute would invalidate, impair, or supersede the state statute regulating insurance. Humana Inc. v. Forsyth, *supra*. The first two tests were not at issue with the parties and the Court finds that, undoubtedly, they are both satisfied; consequently, we must focus on the third test.[6]

---

[6] As to the first test, it is undisputed that Puerto Rico's Insurance Code was enacted for the purpose of regulating the business of insurance. *See* SEC v. National Securities, Inc., 393 U.S. 453, 460 (1969) ("Statutes aimed at protecting or regulating this relationship [between Insurer and insured], directly or indirectly, are laws regulating the 'business of insurance […]"); *see*, *also*, Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 129 (1982) (In which the Supreme Court established criteria to determine whether a particular practice is part of the business of insurance: "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the Insurer and the insured; and third, whether the practice is limited to entities within the insurance industry. None of these criteria is necessarily determinative in itself...."). Furthermore, the provisions related to the instant case were undoubtedly enacted to regulate the rehabilitation and liquidation of Insurers in order to protect the business of insurance. *See* U.S. Dep't of Treasury v. Fabe, 508 U.S. 491, 505–06, (1993) ("The primary purpose of a statute that distributes the insolvent Insurer's assets to policyholders in preference to other

The third test leads us to analyze whether the application of the FAA would invalidate, impair, or supersede the state statute regulating insurance; in the instance case, the COurt must focus the analysis on the rehabilitation/liquidation provisions in Puerto Rico's Insurance Code. Furthermore, the Court finds that the analysis of these provisions must be made in the proper context of the instant action; that is, a judicial proceeding -and resulting arbitration proceedings-, commenced by Plaintiff in order to recover purportedly owed assets. In other words, we are dealing with claims by and for Integrand.

Plaintiff specifically references the following provisions of the Insurance Code in support of its theory of "exclusive jurisdiction"; the Court proceeds to examine each one individually:

a. **26 L.P.R.A. § 4004 (1)**

> No receivership proceeding shall be initiated under this chapter by anyone other than the Commissioner and no court shall have jurisdiction to entertain, hear, or determine any proceeding initiated by any other person.

The Plaintiff references said provision for the proposition that it "provides that no proceeding shall be initiated by anyone other than the Commissioner and no court shall have jurisdiction to entertain, hear, or determine any proceeding initiated by any other person". Docket No. 147 at 11. However, Plaintiff totally ignores the provisions' proper context.

The referenced provision clearly, and exclusively, relates to the commencement of "receivership proceedings". The Court finds that this provision is irrelevant as the issues in the instant case -or the resulting arbitration proceedings- have nothing to do with the commencement of a receivership proceeding nor does the application of the FAA, in furtherance of the arbitration

---

creditors is identical to the primary purpose of the insurance company itself: the payment of claims made against policies"); *see*, *also*, 26 L.P.R.A. § 4001 (outlining the purpose of the rehabilitation and liquidation provisions). As to the second test, the Court agrees with other Federal Circuits which have determined, logically, that the FAA does not specifically relate to the business of insurance. *See*, *for example*, Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1303 (11th Cir. 2014); McKnight v. Chicago Title Ins. Co., 358 F.3d 854, 857 (11th Cir. 2004).

8

clauses included in the reinsurance agreements, affects the commencement of said proceeding.[7]

Plaintiff's reading of this provision is wholly incorrect and cannot serve to support its argument.

b. **26 L.P.R.A. § 4004 (4)**

> In the court, on a motion from any party, finds that any action should, as a matter of substantial justice, be tried in a forum outside Puerto Rico, the court may enter an appropriate order to stay further proceedings on the action in Puerto Rico.

This provision is considerably ambiguous as it does not define either what "actions" it refers to nor does it explain what are the "further proceedings on the action **in Puerto Rico**" which it is allowed to stay. However, as previously discussed, the Receivership Court does not have the authority to enjoin federal proceedings; hence, this section does not further Plaintiff's contention.

c. **26 L.P.R.A. § 4005 (1) (c)-(g) and (3) (a)**

> (1) An administrator appointed in a proceeding in accordance with this chapter may at any time request, and any court of general jurisdiction may issue stay orders, preliminary and permanent injunctions, and other orders as may be deemed necessary and proper to carry out the purposes of this chapter, to prevent among other things:
>
> (c) Interference with the receiver or with a proceeding under this chapter.
> (d) Waste of the insurer's assets.
> (e) Dissipation and transfer of bank accounts.
> (f) The institution or further prosecution of any actions or proceedings.
> (g) The obtainment of preferences, judgments, attachments, garnishments of liens against the insurer, his/her assets or his/her policyholders.
>
> [….]
>
> (3) Except as provided by subsections (4) and (5) of this section or as otherwise provided by this chapter, the commencement of a receivership proceeding operates as a stay, applicable to any person, of:
>
> (a) The commencement or continuation of any judicial, administrative or other proceeding against the insurer, including an arbitration or labor-management proceeding, that was or could have been commenced before the commencement of the receivership proceeding, or to procure payment of a claim that arose before the commencement of this proceeding.

---

[7] As a matter of fact, Integrand's rehabilitation proceeding already transpired and there is no argument -nor evidence- that the instant case nor the issues discuses herein affected the procedure in any way.

These provision address two different matters. Subsection (1), once again, relates to the power of the Receivership Court to enter orders to stay "[t]he institution or further prosecution of any actions proceedings". Notwithstanding, as now stated in multiple occasions throughout this *Order in Reconsideration*, the Receivership Court cannot enjoin proceedings before this Court.

On the other hand, Subsection (3) is inapplicable to the instant case as it establishes a stay of any "judicial, administrative or other proceeding" **against the Insurer**. The instant case was commenced by Integrand in its favor and the arbitrations proceedings to take place will be held in order to secure assets allegedly owed to Plaintiff. Consequently, Subsection (3) does not pertain to the matters at hand.

### d. 26 L.P.R.A. § 4015 (1)

> An order to liquidate the business of a domestic insurer shall appoint the Commissioner or any successor in office as the liquidator and authorize him/her to take immediate possession of the assets of the insurer and administer the same under the exclusive general supervision of the Receivership Court. The liquidator shall be legally vested with title to all the property, contracts and rights of action, and to all the books and records of the insurer ordered to be liquidated, wherever located, as of the date of entry of the final liquidation order. The liquidator shall be empowered to negotiate and reduce to cash, wholly or partially, any assets that may be needed to pay for the administration of the liquidation, provided he/she obtains the maximum yield possible in said negotiation. The filing or recording of the order with the Clerk of the Part of the Court of First Instance where the main office of the insurer is located, or its main business is conducted, and in the case of real estate, with the Property Registrar where said property is located, and in the case of personal property, in the Registry where the same may be recorded, shall have the same effect of notice as a deed, a bill of sale, or any other evidence of title duly filed and recorded with the Property Registry would have upon third parties.

Plaintiff references this provision for the proposition that the Receivership Court has "exclusive general supervision". However, first, this provision specifically relates to the supervision of the Receivership Court as to the possession and administration of Integrand's assets. The Court finds that this specific purpose does not support Plaintiff's contention that the

Receivership Court has "exclusive jurisdiction" in relation to any and all actions, for or against the insurer.

   e. **26 L.P.R.A. § 4021 (1)**

   > Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order. The courts in Puerto Rico shall give full faith and credit to injunctions against the company or the liquidator or the continuation of existing actions against the liquidator or the company when such injunctions are included in an order for liquidation issued according to corresponding provisions in effect in other states. Whenever, in the liquidator's judgment and for the protection of the estate of the insurer, the intervention of the liquidator is required in an action against the insurer that is pending outside of Puerto Rico, the liquidator may intervene in such an action. The liquidator may cover the expenses for the defense of any action in which he/she intervenes from the estate of the insurer pursuant to this section.

Finally, as to this provision, the Court finds that it is also inapposite to the instant matter. Plaintiff references this provision to highlight that "an action of that nature be maintained or entered after issuance of such order". However, Integrand fails to recognize that the phrase "actions of that nature" refers to those actions "against the insurer or liquidator". Because this action is not against the Liquidator nor the Insurer, this provision does not serve to further Plaintiff's theory.[8]

Further, the Court must highlight that the rehabilitation and liquidation provisions of Puerto Rico's Insurance Code include numerous sections that pertain to the power and authority of the Liquidator to initiate or continue proceedings in forums outside the Receivership Court during the pendency of liquidation. Certainly, the existence of said provisions inside the Puerto Rico Insurance Code's rehabilitation and liquidation statute run contrary to Plaintiff's "exclusive jurisdiction" theory.

---

[8] Moreover, the Court highlights that this provision explicitly affords the Liquidator the power to intervene in actions against the Insurer even outside of Puerto Rico. *See* 26 L.P.R.A. § 4018.

1. ***26 L.P.R.A. § 4005 (2) (emphasis provided)***

   (1) The administrator may appear before any court, **inside or outside of Puerto Rico to achieve the remedies described in subsection (1) of this section, or for the purpose of pursuing claims against any person.**

2. ***26 L.P.R.A. § 4018 (1) (f), (l), (m) and (w) (emphasis provided)***[9]

   (1) The liquidator shall be empowered to:

   [….]

   (f) Collect all debts and moneys due and claims belonging to the insurer, wherever located, and for this purpose:

   (i) **File timely action in other jurisdictions in order to forestall garnishment and attachment proceedings against such debts**;
   (ii) Take any other action necessary or expedient to collect, conserve or protect his/her assets or property, including the power to sell, adjust, settle or assign debts for collection upon such terms and conditions deemed most convenient, and
   (iii) Exhaust all resources available to the creditors to enforce their claims.

   [….]

   (l) **Continue the proceedings and to file on behalf of the insurer or in his/her own behalf, each and every one of the suits and other legal proceedings in Puerto Rico or elsewhere**, or to abandon the prosecution of claims he/she deems unprofitable to pursue further. If the insurer is dissolved pursuant to § 4017 of this title, he/she shall have the power to apply to any court in Puerto Rico or elsewhere, for permission to have the insurer substitute him/her as plaintiff.

   (m) **Proceed with any existing action on behalf of all policyholders, members, creditors or shareholders of the insurer, against any officer of the insurer, or against any other person**.

   (w) The liquidator is hereby vested **with all the rights of the entity or entities in liquidation**.

---

[9] Furthermore, its worthy to note that Subsection (2) of said provision does not limit the powers and authority of the Liquidator; on the contrary, it potentially amplifies them:

> The enumeration of the powers and authority of the Liquidator in this section shall not be construed as a limitation upon the Liquidator and does not exclude in any manner the right to take other actions or engage in other acts not specifically enumerated or otherwise provided for to the extent necessary or appropriate for the accomplishment of or in aid of liquidation purposes. 26 L.P.R.A. § 4018 (2).

   3. *26 L.P.R.A. § 4021 (1) and (2) (emphasis provided)*

   (1) Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere, nor shall an action of that nature be maintained or entered after issuance of such order. The courts in Puerto Rico shall give full faith and credit to injunctions against the company or the liquidator or the continuation of existing actions against the liquidator or the company when such injunctions are included in an order for liquidation issued according to corresponding provisions in effect in other states. **Whenever, in the liquidator's judgment and for the protection of the estate of the insurer, the intervention of the liquidator is required in an action against the insurer that is pending outside of Puerto Rico, the liquidator may intervene in such an action. The liquidator may cover the expenses for the defense of any action in which he/she intervenes from the estate of the insurer pursuant to this section**.

   (2) The liquidator may, **upon or after the issuance of a liquidation order**, within four (4) years or within the period of time additional to those four (4) years as applicable laws **may allow, file suit or institute a proceeding on behalf of the estate of the insurer upon any cause of action in which the prescriptive term established by the applicable laws has not expired at the time of filing the petition for such an order**. When, by any agreement, a prescriptive term is fixed for filing a suit or institute a proceeding upon any claim, or for filing any claim, proof of claim, proof of loss, lawsuit, notice or like action or when during any proceeding, judicial or otherwise, a prescriptive term is fixed, either in the proceeding or by applicable laws, to take any action, file any claim or plea or engage in any act, and when in such a case the term has expired at the date of filing the petition, the liquidator may, for the benefit of the estate of the insurer, take the action required of or allowed to the insurer within a period of one hundred and eighty (180) days after filing a liquidation order or within such additional time, as is shown to the satisfaction of the court not to be unfairly prejudicial to the other party.

As previously discussed, none of the provisions reverenced by Plaintiff in its motion practice are sufficient to justify the theory that the claims in the instant case -or the resulting arbitration-, **which are by and for the Insurer**, fall under the "exclusive" jurisdiction, supervision or competency of the Receivership Court. Moreover, the provisions highlighted by the Court, which define the contours of the power and authority of the Liquidator during the liquidation proceeding, undoubtedly demonstrate that the Liquidator can continue proceedings -especially those in favor of the Insurer- outside the Receivership Court. The Court finds that the

13

receivership/liquidation provisions of Puerto Rico's Insurance Code do not afford the Receivership Court with "exclusive jurisdiction" to dispose of the causes of action in this case nor the arbitration procedures to be held as a result of the *Judgement* entered by the Court.[10]

On the other hand, as a further attempt to support its contention, Plaintiff referenced the ruling in *Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585, 590–96 (5th Cir.), where, in the context of a liquidation proceeding under Oklahoma law, the Fifth Circuit reversed preempted the FAA pursuant to the McCarran-Ferguson Act. Nonetheless, *Munich* is clearly distinguishable from the instant case.

In *Munich* the Fifth Circuit evaluated if the FAA "'invalidate[s], supersede[s], or impair[s]'" the Oklahoma Uniform Insurers Liquidation Act ("Oklahoma Act"). In sum, the Fifth Circuit determined the Oklahoma Act vested **exclusive original jurisdiction of delinquency proceedings in Oklahoma state court**; therefore, pursuant to the McCarran-Ferguson Act, the

---

[10] Plaintiff stated an additional argument under the provisions of Puerto Rico's Insurance Code. In essence, Plaintiff stated that "[g]iven that the Insurance Code precludes *any* judicial action form being brought, the district court must dismiss Defendants' removed claim and remand it back to the Commonwealth Court".[10] Docket No. 147 at 14. To support its contention, Plaintiff referenced the First Circuit's decision in *MRCo v. Juarbe*, 521 F.3d 88 (1st Cir. 2008); however, the Court finds that Plaintiff's reference to *MRCo* is misplaced.

First, as previously discussed, an analysis of the pertinent provisions of Puerto Rico's Insurance Code reveals that it did not afford the Receivership Court with "exclusive jurisdiction" as to actions by and for the Insurer. Consequently, Plaintiff is incorrect in asserting that the Insurance Code does preclude "any judicial action" related to the Insurer during a liquidation proceeding.

On the other hand, *MRCo* is distinguishable from the instant case. *MRCo* involved an action against Banco Popular of Puerto Rico and the Insurance Commissioner, as Liquidator to the Health Plan of Puerto Rico's Teachers Federation ("Plan"). Through said action MRCo attempted, in part, to acquire assets that were part of the Plan's liquidation estate. The First Court reasoned that, because Article 40.210 of Puerto Rico's Insurance Code precluded any judicial action from being brought **against** the Plan or Commissioner -once the Commissioner had been appointed as Liquidator-, MRCo's action had to be dismissed as it could not "create a cause of action […] that is denied to citizens of Puerto Rico who are unable to invoke the jurisdiction of the federal courts through diversity". MRCo, Inc. v. Juarbe-Jimenez, *supra*, at 96. Notwithstanding, the instant case presents a diametrically different factual scenario. Here, Integrand filed the *Amended Complaint* in order to "enforce the reinsurance contracts executed with each of Defendants […] to recover the allotment of payments made by Integrand to its insureds resulting from the damages caused by hurricanes Irma and Maria". Docket No. 140 at 2. Being that the case, it constitutes a fact that: (1) the instant case is not against the Insurer, the Commissioner as Liquidator of the Insurer, nor the Insurer's estate; and (2) the instant case was not filed in order to acquire assets from the Insurer's estate; the contrary is true, it was filed to recover assets presumably owed by Defendants. Hence, the Court finds *MRCo* is inapposite.

14

"FAA is reverse pre-empted to the extent it permits Munich and NAC to bring an action against assets of a delinquent insurance company in a forum other than the Oklahoma receivership court". Munich v. Crawford, *supra*, at 596. However, contrary to *Munich*, the instant action was not brought against the Insurer. Furthermore, the arbitration procedures that resulted from the *Judgment*, albeit not requested by Plaintiff in its *Amended Complaint*, are proceedings in furtherance of the Insurers efforts to recover assets supposedly owed to it, not the other way around. Finally, as per our analysis, Puerto Rico's Insurance Code does not address the Receivership Court's "exclusive jurisdiction" **as to claims for and by the Insurer**. Consequently, the factual scenarios are disparate; thus, the Court finds that *Munich* is inapplicable here.[11]

Moreover, the Court highlights that other Circuits Courts have, in fact, analyzed the application of the McCarran-Ferguson Act in the context of claims by and for the Insurer/Liquidator during a liquidation proceeding and have refused to reverse preempt the FAA. *See*, *for example*, Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1381 (9th Cir. 1997) Bennett v. Liberty Nat. Fire Ins. Co., 968 F.2d 969, 972 (9th Cir. 1992); Atkins v. CGI Techs. & Sols., Inc., 724 F. App'x 383, 393 (6th Cir. 2018). Consequently, for the reasons set above, the Court finds that Plaintiff's reverse preemption request is not warranted in the instant case.

## II. Plaintiff's *Motion to Stay*.

Furthermore, through its *Motion to Stay*, Plaintiff specifically requests "that this Court stay the proceedings before it (consistent with order of six month stay of proceedings as articulated in

---

[11] The Court notes that other Circuit Courts have reverse preempted the application of the FAA in the context of liquidation proceedings. However, similarly to what happens with *Munich*, said cases had factual scenarios that are different from the ones in the instant case; particularly in these cases the claims where **against the Insurer** and the Circuit Court's determined that the state statutes awarded the receivership courts exclusive jurisdiction to dispose of said matters. *See* Davister Corp. v. United Republic Life Insurance Co., 152 F.3d 1277, 1280–82 (10th Cir.1998); Stephens v. Am. Int'l Ins. Co., 66 F.3d 41, 43–45 (2d Cir.1995).

the Liquidation Order), and stay the arbitration pending this Court's resolution of the '*Motion to Alter or Amend Judgment*'". Docket No. 152 at 8. In order to justify said request, Plaintiff relies heavily on the arguments it already discussed in its *Motion to Alter*; that is, essentially: (1) that Puerto Rico's Insurance Code affords the Receivership Court with exclusive jurisdiction with regards to the present action; (2) that *MRCo v. Juarbe* was "categorical in matters of insurance liquidation proceedings, that no other courts can be involved in such proceedings"; and (3) that the Receivership Court entered a six-month stay order barring any proceedings related to integrand.

For the same reasons discussed above, the Court finds that Plaintiff's arguments under Puerto Rico's Insurance Code and the First Circuit precedents cited in their motions are insufficient to persuade the Court to stay any proceedings.

### III.    Conclusion

Plaintiff's *Motion to Alter* failed to satisfy the necessary requirements to warrant an amendment or alteration of judgment pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure. Moreover, Plaintiff's *Motion to Stay* does not proffer any arguments that would merit a stay of the proceedings before the Court or the corresponding arbitration forum. Consequently, Plaintiff's *Motion to Alter* and *Motion to Stay* are both hereby **DENIED**.

Finally, the Court acknowledges that Codefendants Everest, Odyssey and Swiss have either informed of their intent or have formally moved to requests the intervention of the Court for the appointment of arbitrators pursuant to 9 U.S.C. § 5. *See* Dockets No. 157, 161, 165, 166, 169 and 170.[12] As to said petitions, the Court orders Plaintiff to make the necessary efforts -alongside the referenced Codefendants- to achieve the appointment of mutually agreed arbitrators within twenty-

---

[12] Plaintiff filed opposition to the referenced requests. *See* Docket No. 167 and 168.

five working days of the entry of this *Opinion and Order*. The Plaintiff is, of course, free to seek a review or stay of the Court's ruling before the First Circuit Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this May 1, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge